Stewart v. Dent.

———•••——

STEWART et al., Plaintiffs in Error, v. DENT, Defendant in Error.

1. A judgment for damages in an action in the nature of an action of ejectment, although for a merely nominal sum, is a bar to a recovery, in a subsequent suit, of rents received prior to such judgment.

*Error to St. Louis Court of Common Pleas.*

John Stewart and others instituted a suit, in the nature of an ejectment, against Pope, to recover possession of certain premises in the city of St. Louis, and also damages for the detention thereof. Dent, under whom Pope held as tenant, was admitted as a co-defendant. A recovery was had by plaintiffs, and the jury assessed the damages sustained by the detention of the premises, at the sum of one dollar, and the monthly value at $66 66⅔. The present suit is instituted to recover the rents received by Dent from Pope prior to the date of the judgment in said ejectment suit.

*Knox & Kellogg*, for plaintiffs in error.
*T. T. Gantt*, for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

The record of the original suit between the parties to this action shows that the plaintiffs claimed damages of the defen-

dant for holding possession of the premises in controversy. Damages were assessed in that action, though for a nominal sum, and the monthly value was found to be $66 66⅔.

The fourteenth section of the act concerning ejectment provides that, "if the plaintiff prevail in the action, he shall recover damages for all waste and injury, and by way of damages, the rents and profits, down to the time of assessing the same, or to the time of the expiration of the plaintiff's title, under the following limitations," &c. The limitations which follow do not affect the question under consideration. In the former action, the plaintiffs prevailed, and they recovered one dollar damages. The present suit is brought to recover the rents and profits which were received pending the first suit, and which should have been assessed to the plaintiffs in that action.

We are not aware of any principle on which this action can be sustained. The very matter passed upon in the first action is again presented for litigation in this. The jury were required to ascertain the damages the plaintiffs had sustained; they ascertained the amount, and stated it in their verdict, and now the plaintiffs seek a reinvestigation of the correctness of that verdict by another suit. There is no warrant in law for this. The matter has passed *in rem judicatam*. In the case of Fetter v. Beale, (1 Salk.,) an action for an assault and battery was brought for beating the plaintiff's head upon the ground, and there was a recovery. Afterwards a piece of the skull came out in consequence of the battery, and another suit was instituted; but it could not be maintained, as it was held, on the ground that the measure of damages for the injury had been considered on the first trial. That was a stronger case than this. In principle, this case resembles that of Garth v. Everett, (16 Mo. 492,) where it was held that a plaintiff failing to recover full damages for the conversion of property in one suit, could not maintain a second action in order to recover the damages which might have been assessed to him in the first action.

As to what was said about a mistake in the verdict or judgment in the first action, it may be answered that it would violate all principle to correct the errors in one action by means of a second suit. If there was error or mistake in the proceedings in the first action, steps should have been taken in that action to have corrected it; it was not competent to do this by a second suit.

The other judges concurring, the judgment will be affirmed.