SCHEPPELMANN v. FUERTH, *Plaintiff in Error.*

1. **Fraud**: PRACTICE : PRESUMPTION.   Where a petition charges fraud,
   but the decree of the court is silent on that issue, it will be pre-
   sumed that the trial court did not think the charge sustained by the
   evidence.

2. **Deed of Trust, Liability of Purchaser Under.**  Where prop"
   erty is purchased subject to a deed of trust, it will be chargeable in
   the purchaser's hands with the debt secured by the trust deed, over
   and above his bid at the sale.

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. JOHN D. FOSTER, Judge.

AFFIRMED.

*Brown & Wilson* for plaintiff in error.

(1)  The petition does not state facts sufficient to
constitute a cause of action.   R. S., secs. 2511–13, 3937.
(2) If the facts were as stated in the petition concerning
plaintiff's confidence in defendant, and their parol agree-
ment in relation to this realty, then the statute of frauds
affects it, and plaintiff has no standing in a court of
equity.   R. S., p. 421, secs. 2511–13.   Independent of
the statute of frauds plaintiff alleges no equity ; he has,
by taking independent security, waived his vendor's lien,
and equity cannot create one.   *Brown v. Gilman*, 4
Wheat. 290–2 ; *Fish v. Howland*, 1 Paige, 20 ; *Ander-
son v. Griffith*, 66 Mo. 44 ; *Carr v. Thompson*, 67 Mo.
472.   Plaintiff cannot plead the payment of the Demp-
sey mortgage by his trustee with his (plaintiff's) money.

Scheppelmann v. Feurth.

*Otter v. Lord Vaux,* 6 De., M. & G. 638; *Bates v. Johnson,* Johns. Eng. Ch. 304; *Stringer v. Harper,* 26 Bevan, 33; *Townsend v. Mostyn, Id.* 72. (3) The decree is in derogation of section 3937, Revised Statutes.

*Wilson Cramer* for defendant in error.

(1) The surplus remaining after the satisfaction of the Fennimore debt should have been applied on the junior and not on the senior encumbrance. *Helweg v. Heitkamp,* 20 Mo. 569; Jones on Mortgages, sec. 1929. The decree of the court below, in effect, subrogates Scheppelmann, the junior mortgagee, to the rights of Dempsey, the senior mortgagee, whose debt was paid with the surplus belonging to Scheppelmann, and is fully warranted by the following authorities: Jones on Mortgages, secs. 874–78; *Wolff v. Walter et al.,* 56 Mo. 292; *Orrick v. Durham,* 79 Mo. 174; *Allen v. Dermott,* 80 Mo. 56.

HENRY, C. J.—On the twenty-sixth day of May, 1874, John Waun and wife, and Christian Allen and wife, conveyed to John Wittmor, in trust to secure a note executed by Waun and Allen to one Dempsey, for four hundred dollars, " two-fifths undivided of fractional part of lot No. 6, in range B, in the city of Cape Girardeau." On the fifteenth of March, 1875, the grantors in said deed conveyed to plaintiff, by general warranty deed, an undivided two-fifths of the same real estate described in the deed of trust to Wittmor, with no reference to that deed of trust. November 25, 1876, plaintiff joined Waun and Allen in a deed of trust, conveying three-fifths of said lot to John Iry, to secure a note for eight hundred dollars, executed by them to one Fennimore, expressly subject to the deed of trust first named, made to secure Dempsey's debt, and providing that the surplus, if any, on a sale of said property, over an amount sufficient to pay the debt to Fennimore and costs, should be paid to the grantors.

It appears that plaintiff subsequently sold his interest in said lot to Smith and Vorneg, and took a deed of trust thereon to secure three notes executed by them aggregating $1,900. There was a sale of the property under the second deed of trust, and defendant purchased it at $1,390, which was sufficient to pay off the Fennimore debt and leave a surplus of four hundred and forty-eight dollars, which, by the sheriff who made the sale, as trustee, was applied to the Dempsey debt, secured by the first mortgage. The plaintiff, in his petition, charges fraud in the purchase by defendant, and asks that the property may be subjected to the payment of the notes he holds against Smith and Vorneg, and for general relief. The court in its decree made no finding on the issue of fraud, and from the silence of the decree on that question, we assume that the court did not think the charge sustained by the evidence, and an examination of the evidence has led us to the same conclusion.

The decree, however, charges the property in plaintiff's favor with the surplus four hundred and forty-eight dollars and interest thereon paid on the Dempsey debt. This was manifestly right. The defendant purchased the property subject to the Dempsey deed of trust, and it was chargeable with that debt. By the terms of the deed under which he purchased any surplus over the amount of the debt secured by that deed, on sale under it, was to be paid to the grantors therein. His bid was, in legal effect, $1,390 and the Dempsey debt. All he has paid is $1,390, and four hundred and forty-eight dollars of that sum have been applied to a debt which was a lien upon the property in his hands, and if allowed to apply that surplus upon the Dempsey debt, he gets the property for four hundred and forty-eight dollars less than his bid.

The judgment is affirmed. All concur.