TAYLOR, *Administrator, Plaintiff in Error,* v. HEITZ.

1. **Evidence :** JUDGMENT OF SISTER STATE. A judgment, purporting to be rendered in the county of Adams, state of Illinois, before Joseph Sibley, judge of the tenth judicial circuit, and attested by the clerk of the sixth judicial circuit, and the attestation certified to be in due form by Judge Williams, as judge of the sixth judicial circuit, held, properly admissible in evidence.

2. ——— : ———. The difference in the numbering of the judicial circuits, which are subject to legislative changes, is not material in connection with the other facts affirmatively appearing, and it sufficiently appears that Judge Sibley was judge of the circuit court held in Quincy, Adams county, Illinois, where the judgment was rendered.

3. **Covenant Against Encumbrances, Action on :** RES JUDICATA. A grantor of land conveyed the same by a deed which contained a covenant against encumbrances done or suffered by him. There was in fact an outstanding lease made by the grantor, and before its expiration the grantee in the deed brought suit and recovered damages for breach of the covenant. *Held* (1) That the plaintiff's cause of action on the covenant was entire and indivisible, and (2) that, therefore, he could not maintain a second action, although the assessment of the rents and profits of the land as damages in the first suit was made only up to the time of its institution.

*Appeal from Marion Circuit Court.*—HON. THEODORE BRACE, Judge.

AFFIRMED.

*Edward McCabe* for plaintiff in error.

(1) The purported transcript of judgment of the circuit court of Adams county, Illinois, was not admissible in evidence. It is nowhere certified that Adams county is in the sixth judicial district, of which John H.

Williams is judge. If the county of Adams is in the sixth judicial circuit of the state of Illinois that fact could have been proved and made to appear from the record in this case. As the record is silent on that subject it should not have been introduced in evidence. (2) The general doctrine is, that where matters could have been proved in a former action, the presumption is that they were proved, but this presumption may be rebutted. Freeman on Judgments, par. 273, 274 ; 24 How. 333 ; 5 Wallace, 580.· A former judgment is not necessarily conclusive as to all the facts arising upon the record ; parol evidence is admissible for the purpose of showing whether or not a question was determined in a former suit. *Hickerson v. Mexico*, 58 Mo. 61 ; *Armstrong v. St. Louis*, 3 Mo. Ap. 100. Parol evidence may be introduced to show that certain items and matters as to which the record is silent were not adjudicated. *Sweet v. Maupin*, 65 Mo. 65. The plea of former recovery is ever equitably and liberally construed by the courts ; if the subject matter of the two suits is different, and the same question was not in fact litigated, and no evidence offered concerning it, the merits of the case may be investigated in the second suit. *Spadling v. Conway*, 51 Mo. 51. And where the record does not positively show what was passed upon, parol evidence may be resorted to. *Ibid.* The court erred, therefore, in excluding the testimony of McFall, who could have testified as to whether or not the rents, after the final judgment of March 27, 1877, had been estimated and included in the recovery.

*Muldrow & Hart* for defendant in error.

RAY, J.—This was a suit begun by attachment in the Marion circuit court, November 22, 1881, on the ground of non-residence. There was no issue on the affidavit in attachment. The object of the suit was to re-

cover of the defendant, Heitz, the sum of eight hundred dollars, alleged to have been due the estate of the deceased, Thomas Redmond, by reason of a breach of a covenant against incumbrances, in the sale of land by Heitz to the deceased, Thomas Redmond. It appears that on the fourth of March, 1876, the defendant, Heitz, sold to Redmond, who was a resident of the city of Quincy, in the state of Illinois, a certain farm in Marion county, Missouri, in consideration of the sum of $6,400, and covenanted to and with the purchaser that the said farm or real estate was at the time clear and free of all incumbrances done or suffered by the grantor or those under whom he claimed. The facts were, and it is admitted in the answer, that at the time of the sale, March 4, 1876, John F. Renshaw and William A. Bamber were in the actual occupation of said lands described in the deed to Redmond (and referred to in the covenant), as tenants under a written lease executed by Heitz to them February 1, 1875, and leasing said premises to the said Renshaw and Bamber for the term of five years from the date of the lease, the lease expiring by its terms on the first of February, 1879. The lessees, Renshaw and Bamber, refused to yield possession during the lifetime of Redmond, the plaintiff in error. John R. Taylor procured letters of administration on the decedent's estate in Missouri and instituted the suit, as aforesaid, to recover damages for the breach of the covenant as above recited. The defendant admitted the execution of the lease to Renshaw and Bamber, the fact of their possession and their refusal to yield possession of the demised premises to the purchaser, and pleaded in defence a record of the circuit court of Adams county, in the state of Illinois, to show that the damages for the breach of the covenant had been inquired into, settled and adjusted in a former suit, wherein the decedent in his lifetime was plaintiff and Heitz defendant.

On the trial the plaintiff introduced evidence tending to prove that the reasonable value of the rents and profits of the farm sold to Redmond and let to Renshaw and Bamber was for each of the years 1876, 1877 and 1878, one hundred and ninety-two dollars per year. The defendant then offered in evidence the record of the Adams county court above mentioned, the court permitting the same to be read, to which action of the court the plaintiff at the time excepted. The plaintiff then introduced as a witness in rebuttal Thomas W. McFall, who stated as follows : "I was in 1876 and 1877, an attorney at law, engaged in the active practice of my profession in the city of Quincy, Adams county, Illinois, where I then resided and now reside. I am the same person named in the transcript read in the evidence as one of the attorneys of Thomas Redmond, the plaintiff in said action. I was present at the assessment of damages in said cause, representing Mr. Redmond."

Objections were sustained to the following questions : "Did Mr. Redmond, on the occasion of the assessment, claim any damages on account of the rents and profits of the land after the time of the assessment of damages ?" "Was any testimony introduced on the occasion of the inquiry of damages on the subject of the value of the rents of the premises described in the deed of defendant to Redmond for any period of time after the date of said inquiry ?" And, also, to the plaintiff's offer to prove, by the witness, McFall, that on the assessment of damages before the circuit court of Adams county, Illinois, the plaintiff, Thomas Redmond, did not introduce any evidence on the value of the rents of the premises for any time except the time from the date of the deed of the defendant to Redmond to the time of the assessment ; that the plaintiff did not, at the time of the assessment, claim any damages on account of rents and profits, except to that day.

This was all the evidence in the case and the trial court directed a verdict thereon for the defendant.

I. The first question is as to the admissibility of the transcript of the record of the circuit court of Adams county, Illinois. It is entitled a proceeding in pleas before the Hon. Joseph Sibley, judge of the tenth judicial circuit of the state of Illinois, at a circuit court begun and held at the court house in the city of Quincy, in the said county, on the 4th Monday in the month of March, A. D., 1877, it being the twenty-sixth day of the said month, present, Hon. Joseph Sibley, judge, in the case numbered on the docket of said court 173, wherein the deceased, Thomas Redmond, was plaintiff and Philip A. Heitz was defendant. The admissibility of the record in evidence is assailed upon the grounds that the judgment purports to have been rendered before Sibley, judge of the tenth judicial circuit, and is attested by the clerk of the sixth judicial circuit, and certified to by Williams, judge of the sixth judicial circuit ; and that there is no certification that Adams county is in the said sixth judicial circuit. These objections are not, we think, well taken. The difference in the mere numbering of the judicial circuits, which are subject to legislative changes, is not, we think, material, in connection with the other facts affirmatively appearing. It sufficiently appears that Sibley was judge of the circuit court held in Quincy, Adams county, Illinois, where the judgment was rendered. The record is attested by Geo. Brophy, clerk of the sixth judicial circuit court, whom Judge Williams certifies is the clerk of the circuit court within and for the county of Adams, in the state of Illinois, and that the attestation is in due form, and certifies that he is one of the judges of the sixth judicial circuit, and presiding judge of the circuit court of Adams county, Illinois. This is, we think, sufficient.

II. The remaining question presented by the record.

is as to the court's action in holding said judgment conclusive, and its refusal to admit the oral testimony of the witness, McFall, to show that the damages sued for in this action were not included in the assessment of damages had upon the former trial. The sale of the Marion county farm was made to Redmond by Heitz, on March 4, 1876, with a covenant against all incumbrances done or suffered by Heitz. The breach of said covenant consisted in the existence at the time of a lease of the farm by Heitz to said Renshaw and Bamber, commencing in February, 1875, and expiring by its terms February, 1879, and in their possession thereunder. This was but one cause of action, complete and entire, and was incapable of apportionment or division. In said former suit thereon, plaintiff's decedent was entitled to have the entire damages assessed therein, and an assessment thereof in said former recovery involved those incurred by the failure to obtain possession, and the rental value and profits of the possession had, and entitled to be had under said lease made for one entire term and for a definite and fixed period embracing said years.

The parties to these two suits are the same, the subject matter, to-wit, the breach of said covenant, is the same in both, and the time and occasion for the settlement of the entire damage, accruing solely and exclusively by reason of said breach against incumbrances, was, we think, at said first trial of said cause of action. Said record is not silent, as in the cases cited by appellant, as to what was litigated at the first trial, but shows, as already stated, that the cause of action in issue and on trial was the said breach of said covenant against incumbrances; that damages were assessed therefor, and judgment ordered for a recovery thereof, which, we think, exhausted the remedy therefor. Plaintiff thus appears to have had his day in court in that behalf, introduced proof and recovered damages upon said cause

of action, and was entitled to introduce all his proof as to the entire damages and have the same admeasured and adjudged, and he is, we think, conclusively presumed to have done so. If there was any omission, in fact, so to do, it was the fault of plaintiff's decedent. There is no new or subsequent breach of said covenant against incumbrances alleged or shown, and there cannot be in this proceeding a second inquiry of damages in that behalf.

The former judgment was, we think, conclusive upon the parties herein, and the court's action in excluding the oral evidence of the witness was, we think, proper. The judgment is, therefore, affirmed. All the judges concur.