YOUNG *et al.* v. BYRD, *Administrator, Appellant.*

Division One, November 12, 1894.

1. **Probate Court:** FINAL SETTLEMENT: RES JUDICATA. The final settlement of an estate in the probate court has the force of a judgment as to all matters properly included therein or necessarily involved in the settlement.

2. ———: ———: ———. Plaintiffs were residuary legatees of the estate of Mr. Kendall, deceased. They, together with other persons, were also distributees of the estate of Mrs. Kendall, deceased. The same person was administrator of both estates. In the final settlement of Mrs. Kendall's estate, a large balance was ordered to be paid to all the distributees (including plaintiffs) as heirs of Mrs. Kendall. That settlement became a finality, no appeal having been taken. When the estate of Mr. Kendall came to settlement, plaintiffs claimed that the balance, ordered distributed in Mrs. Kendall's estate, belonged in reality to the other estate; *held*, that the final settlement of the former estate was a bar to any showing that the fund, then adjudged to the heirs of that estate, did not belong to that estate.

3. ———: JUDGMENT: RES JUDICATA. Where the effect of a judgment is to decide a particular issue of fact, that issue must be held *res adjudicata* as to the parties then before the court; and it is immaterial in what form the issue was raised if it was decided between the adversary parties, on its merits.

4. ———: ———: ———: PARTIES. It is not essential to the conclusiveness of a judgment, as a bar to subsequent litigation of the same issue, that all the parties to both proceedings are identical.

5. Record: QUESTION OF LAW. The construction of a record offered in evidence is a question of law to be determined by the court.

*Appeal from Cape Girardeau Circuit Court.*—HON. H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*R. B. Oliver* and *J. W. Limbaugh* for appellant.

(1) By his declarations, acts and dealings, H. C. Kendall released the property of his wife from his marital rights, and the capital and increase thereof became and remained her separate property, and at her death descended to her heirs. *Coughlin v. Ryan*, 43 Mo. 99; *McCoy v. Hyatt*, 80 Mo. 131; *Welch v. Welch*, 63 Mo. 59; *Clark v. Clark*, 86 Mo. 114; *Botts v. Gooch*, 97 Mo. 88; *Hart v. Leete*, 104 Mo. 315. The property acquired by Mrs. Kendall consisted of her distributive share in her father's and brothers' estates and were choses in action. *Leakey v. Maupin*, 10 Mo. 368; *Hart v. Leete*, 104 Mo. 315. As such choses in action, said property did not vest absolutely in H. C. Kendall, but the affirmative act on his part of reducing the same to his possession was necessary to change the ownership from Mrs. Kendall to himself. (2) The jurisdiction of the probate court in this matter, both of the subject-matter and the persons, renders its judgments and orders therein final and conclusive. *Brooks v. Duckworth*, 59 Mo. 49; *Johnson v. Beazley*, 65 Mo. 256;

*Scott v. Crews,* 72 Mo. 263; *State v. Evans,* 83 Mo. 322; *Camden v. Plain,* 91 Mo. 129; *Rowden v. Brown,* 91 Mo. 432; *State v. Watts,* 39 Mo. App. 409. (3) The judgment of the circuit court is not responsive to the issues. The respondents claim under the will of H. C. Kendall. The judgment of the circuit court orders distribution "to the heirs of H. C. Kendall." Outside the merits of the case the judgment must be reversed for this reason. *Ross v. Ross,* 81 Mo. 84; *Dougherty v. Adkins,* 81 Mo. 411; *Bank v. Poyntz,* 60 Mo. 531; *Paddock v. Lance,* 94 Mo. 283.

*Wilson Cramer* for respondents.

(1) The construction contended for by appellant destroys the residuary clause of the will. *Clendennin v. Hitchcock,* 6 Mo. App. 99; *Russell v. Eubanks,* 84 Mo. 83; *Scheidt v. Crecelius,* 94 Mo. 323. (2) Mrs. Emiline Kendall is named in the will as sole executrix. She failed to qualify, but took possession of the estate and thereby became a trustee for the residuary legatees. 1 Perry on Trusts [2 Ed.], secs. 245, 265, 94; 2 *Ibid.,* sec. 540; *Stagg v. Green,* 47 Mo. 500; *Fudge v. Durn,* 51 Mo. 264; *Merritt v. Merritt,* 62 Mo. 150. (3) The money received by Mrs. Kendall during coverture became by operation of law the property of her husband. There is nothing shown in evidence to exclude the attaching of his marital rights. (4) But even if she had money of her own, it was her duty as trustee on taking charge of her husband's effects to keep the funds separate. This she failed to do. *Harrison v. Smith,* 83 Mo. 210. (5) There is no estoppel, as claimed in appellant's brief. The petition presented by respondents in the probate court at the August term, 1888, on the filing of appellant's final settlement as administrator of the estate of Emiline Kendall was

simply notice to him that respondents claimed the balance as residuary legatees. The petition was not acted on by the probate court and is therefore not *res judicata*.

BARCLAY, J.—This appeal results from the action of the probate, and subsequently of the circuit, court of Cape Girardeau county, in sustaining exceptions to the final settlement of defendant, as administrator of the estate of Mr. Henry C. Kendall, deceased.

Mr. Kendall married Emiline Evans, November 21, 1854, and died, testate, in 1877, leaving her surviving.

By his will, dated January 17, 1859, duly probated in September, 1877, he devised and bequeathed to his wife, "during her natural life, to use and enjoy as she may judge best for her own convenience, profit or emolument," all of his property of every kind and description whatever, real, personal or mixed, "in fact, everything that may come under or be designated by the word property." He further provided that she was not to be restricted in the free use and enjoyment of the same or the sale of the same or any part thereof if she saw proper.

By the second clause he declared that if, at her death, any of the property so left by him to his wife should be undisposed of by her, and not used and appropriated by her, he devised and bequeathed the same to the children of his wife's sister, Sarah Young, living at his death, etc.

He also appointed his wife executrix.

Plaintiffs are the children, and representatives of children, of the said Sarah Young. Their claim in the present case is as residuary legatees and devisees under the will above mentioned.

No inventory was filed, or administration had in the estate of Mr. Kendall until after the death of his widow. She continued to live in the house formerly occupied by her husband, up to the time she died, intestate, and without issue, in 1886. March 26, letters with the will annexed were granted to defendant, Mr. Byrd, on the estate of Henry C. Kendall, and also on the estate of Mrs. Kendall.

On the twenty-seventh of March, 1886, he made an inventory in each of those estates.

Soon after the inventories were filed, the administrator found in a cupboard at the Kendall house, sealed up in a quart can, $2,500 in currency, which he returned as belonging to the estate of Emiline Kendall, by an additional inventory, July 30, 1886.

Defendant, as administrator, proceeded with the administration of both estates. On the thirteenth day of August, 1888, he presented his final settlement of the estate of Emiline Kendall, which was approved by the probate court, August 18, 1888, and from which no appeal was taken.

It appears from the proceedings in that case that, besides the children of Mrs. Young, sister of Mrs. Kendall, the latter left other relatives in the same degree, entitled to share in her sole estate.

After the final settlement of the estate of Mrs. Kendall, defendant proceeded to file his account for a final settlement of the other estate.

To that account the present plaintiffs interposed exceptions, and the controversy thus raised is now before us by appeal, having gone through the probate and circuit courts in its earlier stages.

The substance of the dispute is whether or not a certain item, representing upwards of $4,000, should be charged against defendant as administrator of Mr. Kendall's estate. The item represents the balance

found to be due by defendant to the estate of Mrs. Kendall upon the final settlement of that estate, and ordered by the probate court, in that proceeding, to be distributed to her heirs.

The plaintiffs' claim is that all the property and money, inventoried as belonging to the estate of Mrs. Kendall, belonged, in fact, to the estate of Mr. Kendall, and not to her estate, and that it passed to plaintiffs as residuary legatees under his will, subject only to the payment of such debts as she might have incurred on the strength of her apparent ownership.

The defendant insists that the balance, shown by his final settlement of her estate, belongs by the law of descent to her next of kin generally; and that the judgment of the probate court in that proceeding requires that he shall pay it to them.

The defendant makes this claim on behalf of, and in the interest of the heirs of Mrs. Kendall, who are the distributees of her estate.

Plaintiffs are among the distributees of that estate and are also the only residuary legatees of the other estate.

Both plaintiffs and the other heirs of Mrs. Kendall were not merely constructively before the probate court in the proceeding to settle her estate, but they were actually before it.

The present plaintiffs appeared in that cause, shortly before the final settlement was submitted for action. They filed a petition, setting out, at large, facts showing their interest, and declaring that the money and property, inventoried by the administrator as belonging to the estate of Mrs. Kendall, were in fact the property of Mr. Kendall's estate and passed to the petitioners under his will.

They prayed for an order on the administrator to pay the funds in his hands to them, including the

balance ascertained to belong to her estate, less the expenses of administration.

The other heirs of Mrs. Kendall filed an "answer" to that petition, asserting that Mrs. Kendall owned the property in her lifetime; that it had been appraised and recognized by the court as hers; and praying that the court direct the administrator to distribute said money and property equally between the heirs of Mrs. Kendall.

The "answer" was filed August 14, 1888. The administrator's final settlement in Mrs. Kendall's estate had been filed August 13, 1888, and on the eighteenth of August, 1888, the probate court approved the final settlement, and ordered the administrator to distribute the balance in his hands "among the legal heirs of said deceased according to their respective rights of distribution," and directed that the administrator be discharged upon filing the receipts of the distributees.

The final settlement of that estate showed a "balance due the heirs of Emiline Kendall, deceased, $4,023.17," and the "amount due each heir, $1,005.17."

She left four brothers and sisters (or their descendants). The plaintiffs represent the descendants of one of her sisters (Mrs. Young).

At the trial in the circuit court the above facts were shown, as well as many others, which need not be mentioned in the view now taken of the case.

The cause was tried by the court; and the latter refused to declare the law to be that the final settlement and order of distribution in the matter of the estate of Mrs. Kendall were a bar to plaintiffs' maintaining the present proceeding.

The effect and force of the final settlement of Mrs. Kendall's estate were those of a judgment as between the parties directly affected, and then before

the probate court. The administrator of that estate was adjudged liable to account in that proceeding to plaintiffs and the other heirs of Mrs. Kendall for the very fund which plaintiffs now seek to show did not of right belong to the assets of that estate.

In *State ex rel. v. Gray* (1891), 106 Mo. 533, it was held by this division, unanimously, that "final settlements of administrators in the probate court have the force and effect of judgments, and are conclusive as to all matters, the proper subject of account, included in such settlements and necessarily involved in the final settlement thereof."

This being so, the administrator of Mrs. Kendall's estate certainly was presumptively bound to pay to the distributees their respective shares of that estate as ascertained by the final settlement.

If the position now taken by plaintiffs in this case is correct, the balance found in the other case as payable to the heirs general of Mrs. Kendall was too large, by more than $4,000. Plaintiffs were parties to that proceeding, and sought therein to have the fund, now in question, turned over to them as residuary legatees of Mr. Kendall. But the probate court, though it made no specific finding upon that issue, did in effect act upon it by its final order of distribution which adjudged the fund to be a part of that estate, contrary to their claim in that particular.

The controversy in the present case is whether the disputed fund was properly dealt with as part of Mrs. Kendall's estate.

The real parties concerned in the decision of that issue in the case at bar were before the probate court in the settlement of the other estate.

It is immaterial that the forms in which the same issue may arise are different. If it is once finally decided by a competent court, on the merits, between

the parties whose rights are afterwards sought to be re-litigated, the decision binds them. *Wager v. Ins. Co.* (1893), 150 U. S. 99. Nor is it essential that all the parties to both proceedings are identical.

It is very clear that the fund in controversy could not belong to the distributees of Mrs. Kendall, and also to the estate of Mr. Kendall in the circumstances shown by this record.

The trial court, as requested, should have declared the legal force of the judgment and record in the wife's estate as offered in evidence.

That was a question of law, properly devolving on the court to solve by an instruction, when duly requested, as it was in this case.

We think the learned trial judge erred in declining to give the first final settlement the legal efficiency to which it was entitled. Hence the judgment should be reversed and the cause remanded. BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.