LEE HUNTER, Appellant, v. DELTA REALTY COMPANY, a Corporation, Respondent.—No. 38331.—169 S. W. (2d) 936.

Division One, April 6, 1943.

*Merrill Spitler* for appellant.

*Hal H. McHaney* for respondent.

DALTON, C.—Action to recover rents and profits in the sum of $12,000. After answer and reply were filed, the defendant moved for judgment on the pleadings. The motion was sustained and judgment was entered for defendant. Plaintiff has appealed.

The petition is in two counts, one covers rents and profits for 1938 and the other for 1939. In each count it is alleged that plaintiff was the owner of described lands in New Madrid County; that defendant was in possession thereof and farmed or caused same to be farmed; that plaintiff was entitled to the rents and profits therefrom; and that he had demanded payment from defendant, and payment had been refused. The cash value of the rents for the respective years is fixed at $6,000 and plaintiff asks judgment for $6,000 on each count.

Defendant's answer to each count was a general denial and a plea of res adjudicata, based upon the judgment entered in the case of Delta Realty Company v. Lee Hunter, 347 Mo. 1108, 152 S. W. (2d) 45. The facts alleged in the answer are that defendant Delta Realty Company, believing it was the owner of the described lands, brought an action against plaintiff, Lee Hunter, to quiet and determine title to said lands; that Lee Hunter claimed title and filed an answer and cross action to quiet title, and included a count in ejectment with a prayer for $12,000 damages and $500 per month for monthly rents and profits from rendition of the judgment until possession of the premises be delivered to him. Defendant further alleged that Lee Hunter prayed damages to growing trees, to the land and for accrued rents; that the cause was tried and judgment entered November 14, 1938 (by which it was determined that Lee Hunter, de-

fendant in said cause, was entitled to judgment for $3,250 for rents and profits, waste and injuries to the premises), and that the cause was appealed and judgment affirmed. Defendant alleged that the question of damages for accrued rents, and for rents "that were to accrue in the future prior to the delivery of possession to Lee Hunter, were proper matters for adjudication in said cause"; and that the judgment was a complete bar to further action.

Defendant further alleged that, on November 6, 1939, it purchased the described lands at tax sale and became the absolute owner thereof and entitled to subsequently accruing rents and profits; and that from the proceeds of the tax sale plaintiff (Lee Hunter) was paid $17,399.01, being the purchase price, less taxes and the lien due defendant Delta Realty Company for improvements, that is, over and above the rents and damages allowed by the court to plaintiff.

Plaintiff's reply to defendant's answer to each count admitted the facts pleaded in the answer, but denied that the judgment was a bar to this action, since "future rents were not found by the court." It was admitted "the said judgment found the rents due at the time." Plaintiff further alleged that the court's findings only included waste, rents and damages to the date of the hearing on February 3, 1938, and "were based on the testimony of that date in said hearing." Plaintiff then set out in haec verba the judgment of November 14, 1938, wherein the court found that Delta Realty Company (plaintiff in said cause) was entitled to $14,844.08 for improvements upon the described lands; that Lee Hunter (defendant in said cause) was entitled "to rents and profits accruing upon said lands from the date of the filing of the answer . . . and for waste and injury to the premises in the sum of $3,250.00," leaving a net sum due the Delta Realty Company of $11,594.08, which was adjudged a lien and to bear interest at 6%. The judgment (as set out in the reply) further provides "that in the event said ▉▉▉ lien is not discharged by payment . . . on or prior to the 16th day of December 1938, . . . that defendant's (Lee Hunter's) interest in and to said lands shall cease and terminate and . . . plaintiff (Delta Realty Company) shall be well vested with complete fee simple title . . . free and clear of any claims of . . . defendant." It was further adjudged that Lee Hunter "from and after the date hereof . . . is lawfully entitled to possession."

For further reply, plaintiff alleged that he was entitled to possession of the described lands under said decree on November 14, 1938 and to the 1938 rents (count one) and the 1939 rents (count two) but that defendant remained in possession, refused to surrender possession, and farmed the land or collected the rents and profits and refused to pay plaintiff for the use thereof. It was alleged that "the true value of rents and profits in the future from date of February 3, 1938, were not found by the court," and that "due to shifting

values,and the appreciation of the land'' it was not possible to determine the same. Plaintiff admitted the sale of the land to defendant for taxes in November, 1939, but denied the sale gave defendant the right to all rents and profits for 1938 and 1939.

Defendant moved for judgment on the pleadings on the theory that all material facts in the answer were admitted; and that the admitted facts constituted a complete bar to the causes of action set forth in the petition. The motion was sustained.

Appellant assigns error on the court's action (1) in holding that plaintiff's causes of action were barred by the prior adjudication and (2) in sustaining the motion for judgment on the pleadings. Appellant says (1) that, the pleadings made an issue of fact to be tried by a jury; (2) that, while the issue of monthly rents and profits was presented by the pleadings in the prior case, the court ''failed to find monthly rents and profits, so that such issue was not adjudicated''; (3) that Lee Hunter, having been adjudged entitled to possession on November 14, 1938, ''was not bound to cross appeal on monthly rents and profits'' and the present action arose because Delta Realty Company failed to deliver possession and took the rents and profits pending decision on appeal; and (4) that plaintiff's petition states a cause of action. Except for a reference to Secs. 916 and 935, R. S. 1939, no authorities are cited by appellant.

Appellant states that his action is one for damages for the rents and profits collected and retained by respondent; and that the action is based upon the simple fact of receipt by respondent of rents and profits that were rightly due appellant. Appellant further says: ''The judgment appealed from in this cause is based upon res adjudicata. Examining the pleadings, there is no dispute about the fact that the issue of monthly rents and profits was presented to the court in the prior case. This is alleged in respondent's answer, and admitted in appellant's reply. . . . But, the court made no finding, either for or against the appellant on the issue of monthly rents and profits. That issue was not adjudicated in the prior cause, although it was presented to the court, and the court had evidence of monthly rents and profits on which to base a finding because it did find the accrued rents and profits. There was no adjudication on that point (future monthly rents and profits) to appeal from.''

''A motion for judgment on the pleadings, like a demurrer to a pleading, admits, for the purpose of the motion, all facts well pleaded but not mere conclusions. State ex rel. Smith v. Joynt, 344 Mo. 686, 127 S. W. (2d) 708, 709; Ryan v. City of Warrensburg, 342 Mo. 761, 769, 117 S. W. (2d) 303, 306. Such a motion will lie only when, from the face of the pleadings, the moving party is entitled to judgment as a matter of law. It raises only an issue of law. Sullivan v. Bank of Harrisonville (Mo. Sup.), 293 S. W. 129, 131; State ex rel. Smith v. Joynt, supra; Houts, Missouri Pleading and

Practice, Vol. 1, sec. 124, p. 250. No evidence may be heard on the motion. Cammann v. Edwards, 340 Mo. 1, 9, 100 S. W. (2d) 846. If an issue of fact is presented by the pleadings the motion should be denied. Sullivan v. Bank of Harrisonville, supra.'' Baker v. Lamar (Mo. Sup.), 140 S. W. (2d) 31, 34.

■ Assuming, without deciding, that the petition states a cause or causes of action; and that respondent was in possession of appellant's land in 1938 and 1939, farming it and collecting the rents, the question presented is whether the appellant can recover in view of the admitted facts. The facts upon which respondent rests its defense are not in dispute and, if these facts as a matter of law constitute a complete bar to any recovery by appellant on the ■ cause or causes of action stated in the petition, respondent was entitled to judgment on the pleadings.

Let us review the admitted facts. Appellant by his cross action in the prior suit sought to quiet and determine the title to the described lands and to recover possession thereof from respondent in ejectment. Appellant further sought to recover for damage to the land and trees and also rents and profits which had accrued and rents and profits which would accrue in the future, prior to the delivery of possession of the premises to appellant. The court found for appellant (defendant in the prior cause) and adjudged that he was entitled to possession and to judgment for $3,250 for rents and profits accruing after the answer was filed and for waste and injury to the premises. The judgment was entered November 14, 1938. While it adjudged that appellant was lawfully entitled to possession after that date, it further expressly provided that, if the net amount found due respondent was not discharged prior to December 16, 1938, title to the described premises would vest in respondent. The monthly value of rents and profits was not determined and the judgment did not provide for the recovery of the accruing rents and profits.

It is admitted that respondent appealed from the judgment of November 14, 1938, and that the judgment was affirmed at the May Term, 1941, of this court. Prior to the affirmance of the judgment, the land was sold for taxes on November 6, 1939, and respondent purchased it. Appellant concedes that he cannot now maintain ejectment for such land in view of respondent's purchase thereof at the tax sale, but he contends that the prior judgment is no bar to the maintenance of his present suit.

It will be noted that no landlord and tenant relationship is alleged in the petition, and appellant concedes by his reply that, by this action, he seeks to recover rents and profits alleged to have accrued (while possession of the premises was withheld by respondent) between February 3, 1938 (the alleged date of the hearing of the prior cause) and November, 1939, the date of the tax sale to respondent. Appellant seeks to recover in count one the rents and profits accru-

ing after February 3, 1938, but in the year 1938. He alleges that these rents and profits became due on November 1, 1938. They were, therefore, past due when the judgment for accrued rents and profits was entered in appellant's favor on November 14, 1938. Since these rents and profits were within the admitted issues made by the pleadings in said prior cause and had accrued prior to the date of the judgment, we must and do hold that they were included in the judgment of November 14, 1938, and that such judgment is a complete bar, as a matter of law, to any recovery by appellant on the first count of his petition.

In count two appellant seeks to recover the rents and profits for 1939, that is, during the period that respondent remained in possession of the land after judgment for possession was entered for appellant, and prior to November 6, 1939, when respondent purchased all of appellant's interest in the land at a tax sale. Was the admitted prior judgment also a complete bar to appellant's recovery on this count? Appellant admits the existence of the judgment and that it has been affirmed. Its validity is unquestioned. It is further admitted that the issue of monthly rents and profits, to wit, rents and profits accruing from the date of judgment to the date of delivery of possession of the premises to plaintiff, were in issue and that there was evidence upon which the court made a finding of accrued rents. Appellant did not appeal from the judgment which made no allowance for such future rents and profits.

The cause of action in ejectment was based upon the unlawful withholding of the possession of the described premises from appellant. Sec. 1534, R. S. 1939, Mo. R. S. A., Sec. 1534. The suit was against respondent, the party in possession of the premises. Sec. 1532, R. S. 1939, Mo. R. S. A., Sec. 1532. Appellant was entitled to have the monthly value of rents and profits assessed, and to have judgment for the recovery of the premises and the accruing rents and profits at the rate to be fixed by the court (the cause having been tried to the court) from the date of judgment until the possession of the premises was delivered to appellant. Secs. 1543, and 1544, R. S. 1939, Mo. R. S. A., Secs. 1543, 1544. These accruing rents, when allowed, become a part of the judgment. Stump v. Hornback, 109 Mo. 272, 277, 18 S. W. 37, 38; Lee v. Bowman, 55 Mo. 400, 404. The judgment failed to include all that appellant requested and was entitled to have included therein, that is, the judgment included an adjudication that appellant was entitled to possession and accrued rents and profits and waste in the sum of $3,250.00, but did not determine the monthly value of rents and profits or authorize a recovery for "the accruing rents and profits, . . . from the time of rendering the verdict until possession of the premises" was delivered to appellant. If appellant was not satisfied with the judgment as entered in said cause, his remedy was to appeal therefrom. Steward

v. Dent, 24 Mo. 111, 113; United States ex rel. First National Bank of Cape Girardeau v. Lufcy, 329 Mo. 1224, 49 S. W. (2d) 8, 14. Appellant apparently was satisfied at the time, but now seeks to relitigate an issue (presented in the former case) upon which appellant received an adverse decision. It is immaterial that the judgment did not expressly find against appellant on his claim for rents and profits accruing after judgment and pending delivery of possession pursuant thereto, because the effect of the judgment was to deny appellant's claim for such accruing rents and profits. Young v. Byrd, 124 Mo. 590, 597, 28 S. W. 83; Scheppelmann v. Fuerth, 87 Mo. 351, 353. "The legal effect of the silence of a judgment on any part of a demand that might have been allowed under the pleadings is a rejection of such part of the demand, which has the effect of res adjudicata against a subsequent action for that part." 34 C. J. 818, Sec. 1235.

The matter of the rents and profits sued for herein grew out of the unlawful withholding by respondent of the possession of the described premises from appellant. The unlawful withholding by respondent, as found and determined by the court in the prior cause, continued after the date of the judgment, which was suspended by respondent's appeal to this court. Before the judgment became final, respondent acquired the real estate at the tax sale. The rents and profits sought to be recovered in count two accrued between the date of the judgment and the date of the tax sale. The matter of recovering for these rents and profits having once been litigated between the parties to this proceeding, and the matter having been decided adversely to appellant, may not be relitigated. Appellant is estopped by the judgment pleaded by respondent. Case v. Sipes, 280 Mo. 110, 120, 217 S. W. 306; Melvin v. Hoffman, 290 Mo. 464, 492, 235 S. W. 107, 114.

Even upon appellant's theory, that the issue of accruing rents was not determined in the prior judgment, the prior judgment is res adjudicata because such issue of accruing rents was an incident to the wrongful withholding of possession of the described premises and belonged to the subject of the prior litigation and might have been litigated and determined in that cause. Cordia v. Matthes, 344 Mo. 1059, 130 S. W. (2d) 597, 598; Leslie v. Carter, 268 Mo. 420, 426, 187 S. W. 1196; Emmert v. Aldridge, 231 Mo. 124, 128, 132 S. W. 1050; Spratt v. Early, 199 Mo. 491, 500, 97 S. W. 925; Donnell v. Wright, 147 Mo. 639, 647, 49 S. W. 874; Citizens' Sec. Bank of Englewood v. Gatewood (Mo. App.), 36 S. W. (2d) 426, 428. Since such rents and profits as might accrue, from date of the prior judgment to the delivery of possession of the premises to appellant, were matters which might properly have been considered in the ejectment suit and since the loss of such rents and profits by appellant were the direct result of respondent withholding possession from appellant,

it necessarily follows that the judgment therein is res adjudicata in this case and constitutes a complete defense thereto. See, Staub v. Phillips, 307 Mo. 576, 594, 271 S. W. 365, 369; See v. See, 294 Mo. 495, 500, 242 S. W. 949, 951; Summet v. City Realty and Brokerage Company, 208 Mo. 501, 511, 106 S. W. 614; Taylor v. Heitz, 87 Mo. 660, 665; Stewart v. Dent, supra; Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77. Appellant, therefore, cannot recover on count two.

The prior judgment, admitted by the pleadings, being a complete bar to a recovery by appellant upon the cause or causes of action alleged in the petition, no issue of fact remained for determination and the court did not err in sustaining the motion for judgment on the pleadings. The judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.