ARTA F. FAULKENBERRY, Appellant, v. ARLIE BOYD, JESS and JEANETTE PUGH.—No. 39894.—201 S. W. (2d) 400.

Division Two, April 21, 1947.

*R. J. Holmden* for appellant.

*John H. Hardin, Harvey Burrus* and *Rufus Burrus* for respondents.

WESTHUES, C—Plaintiff, by this action, seeks to recover of the defendants $5,000 actual damages and $10,000 punitive damages on the theory that defendants fraudulently foreclosed a deed of trust and thereby deprived her of certain property. After the opening statements of the case had been made to a jury defendants asked that the case be dismissed for the reason that under the pleadings and the statements of plaintiff no cause of action was pleaded or stated. The trial court sustained the motion and entered judgment for the defendants. Plaintiff duly appealed to this court.

A motion to dismiss the appeal was filed by respondents on the theory that the notice of appeal given by appellant was not filed in time, and also because the appeal was taken from the order overruling plaintiff's motion to set aside the dismissal of the case and was not taken from the final judgment. We have concluded to decide the case on the merits and therefore overrule the motion to dismiss without determining the merits of the motion.

The basic facts upon which plaintiff's alleged cause of action was based may be briefly stated as follows: Plaintiff owned eighty acres of land in Jackson County, Missouri. A deed of trust securing a note of $4500, executed in 1926 by plaintiff and her husband, was extended from time to time and was foreclosed on March 9, 1942. The note at the time of the foreclosure was owned by the defendant Arlie Boyd. The other defendants, Jess and Jeanette Pugh, were the purchasers of the land at the foreclosure sale. Plaintiff alleged in her petition that the Security Trust Company of New York was the original owner of the note and was such owner until February, 1942, when it was sold and transferred to defendant Arlie Boyd. Plaintiff alleged that after her husband died in 1931, a Mr. Prewitt, who was representing the holder of the note, asked her to pay $1,000 on the principal of the note which was not then due; that she agreed to and did make this payment with the understanding that the note would be again extended when due, and if at that time she were unable to pay interest and taxes because of unfavorable conditions she would be given plenty of time to obtain funds therefor and the property would not be foreclosed. Plaintiff further alleged that Mr. Prewitt died and that John H. Hardin was made the agent for the Security Trust Company; that Mr. Hardin ratified and renewed the agreement as to the forbearance to foreclosure; that Hardin also represented defendant Arlie Boyd and that defendant Boyd knew of the agreement between plaintiff and the Security Company before she purchased the note in question. Plaintiff further alleged that as soon as defendant Boyd purchased the note she began foreclosure proceedings without giving plaintiff any opportunity to secure money to pay the interest and taxes then due; that plaintiff was present at the sale and made a bid in excess of any amount bid by defendants, but that the acting trustee conducting the sale ignored her bid.

We have stated plaintiff's case, including all the facts pleaded in her favor, rather in detail. We do this so as to meet the issue of res judicata pleaded by the defendants and the allegations of plaintiff's reply.

Defendants, by their joint answer, in addition to matters we need not notice, plead res judicata. It was alleged in paragraphs 6, 7 and 8 of the answer that plaintiff, on April 18, 1941, filed bankruptcy proceedings in the United States District Court, under what plaintiff referred to as the Frazier-Lemke and Chandler Acts of Congress, wherein she listed the eighty acres in question and also the indebtedness secured by the deed of trust here in controversy. It was also alleged that the United States District Court released its jurisdiction as to the deed of trust and the note, as well as to the land now in dispute. The court also ordered that the mortgage holder be allowed to proceed to foreclose. To the allegations of these paragraphs in the answer plaintiff filed a reply wherein the allegations were substantially admitted, but denied that those proceedings had any bearing on the issues in the present lawsuit.

In paragraph nine of the answer defendants alleged that plaintiff did, on March 20, 1942, file a suit in the Jackson County Circuit Court against the same answering defendants and that she filed an amended petition on April 13, 1942, to which petition the same defendants filed a cross-petition; that the same issues and disputes in the present lawsuit were placed in issue in that case; that after a hearing by the court a decree for the defendants was entered quieting the title to the land in question in them. The answer then sets forth the decree in full, however, we deem it sufficient to here state it in substance. The decree recites that the defendants, Jess and Jeanette Pugh, were the purchasers of the land in question at a foreclosure sale; that the defendant, Arlie Boyd, was the owner and ▓ holder of the note in question; that the note was in default and taxes were delinquent for four years; that the land was foreclosed through a sale duly had; that Jess and Jeanette Pugh were the highest bidders and that the sale was free from fraud, misrepresentation or misconduct. The decree specifically adjudged title to the land to be in the defendants, Pughs, as against plaintiff, Faulkenberry, and that plaintiff had no interest, either legal or equitable, in the property. The decree is quite lengthy, setting forth such dates as that of the note and the date of foreclosure. It also contains a description of the property. We have carefully compared the same with the allegations of plaintiff's petition, the answer and the reply and find that the subject matter of that suit was the same as the subject matter in the present suit.

In reply to the allegations of the defendants in paragraph nine plaintiff made the following allegation:

"4. That as to answering paragraph 9 of defendants and hearing before Brown Harris, Judge, same being case in equity to set aside

foreclosure herein, and heard August 3, 1942, plaintiff states at close of hearing the judge dispensed with oral arguments, took case under advisement and asked that briefs be submitted him therefor; that counsel for plaintiff complied with this request, handing the judge brief on August 15 and sending copy thereof to counsel for defendants; that in the meantime plaintiff wrote the court demanding dismissal of cause, and on September 14 Brown Harris after considering matter with counsel for plaintiff and deeming further consideration of the case halted complied with such demand, dismissing petition in open court and returning brief to lawyer concerned; that thereafter and no plaintiff or attorney opposing present, and without their knowledge or consent or chance to take any action thereon, this court, upon presentation of papers prepared, and upon the insistence of counsel for defendants, ordered the findings and judgment of September 22, 1945 entered of record, and pertinent portions thereof are set forth at length in answer filed.''

It is evident from the allegations of the petition, defendants' answer and plaintiff's reply thereto that the issues raised by the pleadings in the present suit were not only actually raised in the former case but evidence was heard thereon and the matters fully adjudicated.

The judgment and decree in the former suit stand in the way of this case and cannot be by-passed. The only way that judgment can be avoided is by direct suit to set it aside. Under the facts as stated in the pleadings that would be difficult. The fact that plaintiff in the former case, after a hearing before the trial court, dismissed his petition, does not alter the situation. Defendants in that case filed a cross-petition asking for affirmative relief. This cross-petition remained in the case so as to support a judgment. See Civil Code, sec. 103, Laws 1943, page 385, which reads as follows:

''Section 103. Dismissal of plaintiff's action in which a counterclaim or cross-claim has been filed shall not operate to dismiss or discontinue such claims. —No dismissal, voluntary or involuntary, of a plaintiff's action in which a counterclaim or cross-claim has been filed shall operate to dismiss or discontinue such counterclaim or cross-claim.''

Defendants' plea of res judicata must, therefore, be sustained. 34 C. J., page 742, et seq.; Hunter v. Delta Realty Co., 350 Mo. 1123, 169 S. W. (2d) 936, l. c. 940 (11).

The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM: The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.