## MULLANPHY, TO USE OF O'FALLON, *vs.* REILLY.

1. A. obtained judgment in the Circuit Court against B., who afterwards died leaving the judgment unpaid. C., his widow, in order to remove the supposed lien of the judgment from the real estate of B., executed her note to A. for the amount of the judgment, secured by a mortgage on her own real estate. A. accepted the note and mortgage in lieu of the judgment, and relying solely upon his new security, suffered the three years allowed for the presentation of demands against estates, to elapse, without presenting the judgment for allowance against the estate of B.

　The only question presented was, whether the note and mortgage were given upon a sufficient consideration. *Held:* That the consideration was sufficient.

2. Any loss or injury sustained by a plaintiff, at the request of the defendant, forms a good consideration to support a promise to pay, provided the promise is fairly obtained.

3. A valuable consideration is one that is either a benefit to the party promising, or some trouble or prejudice to the party to whom the promise is made.

### ERROR to St. Louis Court of Common Pleas.

HUDSON *and* HOLMES,　⎫
　　AND　　　　　　　⎬ *for Plaintiff in Error.*
LEONARD *and* BAY,　⎭

POINTS AND AUTHORITIES.

1. The benefit accruing to the defendant, as a distributee of the estate, from the increase of the assets consequent upon the plaintiff's taking her note and mortgage in lieu of the judgment, and forbearing to present the same for allowance against the estate until it should be barred, was a sufficient consideration.— 1 Leigh's Nisi Prius, 27, and note (c) 28, 29; 2 Black. Comm., 445 (n. 8.)

2. The detriment to the plaintiff in abandoning his claim against the estate, and suffering his judgment to be barred by lapse of time, though no benefit whatever to the defendant, was a sufficient consideration to support this note and mortgage. (1 Leigh's Nisi Prius, 27; Halsa *vs.* Halsa, 8 Mo. Rep., 307; Pellaus et al. *vs.* Micross et al., 3 Burr, 1673.) "Any damage to another, or suspension or forbearance of his right, is a foundation for an undertaking, and will make it binding, though no actual benefit accrues to the party undertaking." (Yales, J.)

*Mullanphy, to use of O'Fallon, vs. Reilly.*

Mr. Justice Wilmot's doctrine of *nudum pactum*, derived from the civil law in this case, is held erroneous in Rann *vs.* Hughes, (7 Term Rep., 350,) but the above point has never been questioned, it is believed; and it was expressly confirmed by Ellenborough, C. J., in Jones *vs.* Athburnham, 4 East, 463. Demurrer to the declaration, which did not allege that there were any assets; that the defendant was administratrix, or that there was any person liable to the plaintiff, whom he could forbear to see, or that there was any "fund which could be the object of suit." Dem. sustained. But when there is some object of right; some object of suit; some party, who, in respect of some fund, or some character known in the law is liable, then the forbearance is a sufficient consideration; so in this case. The evidence shows an estate with assets, there being at least some real estate. The forbearance of the plaintiff to pursue this fund was a detriment to him, though it should pay only one cent on the dollar. "If there be any consideration, the court will not weigh the extent of it." (Leigh's Nisi Prius, 26; 16 East, 372; Phillips *vs.* Bateman, 1 Saund., 2116, n. 2). Forbearance to sue an executor or administrator having assets is a sufficient consideration. (1 Saund., 210, n. 1.) The giving up of a suit when the law is doubtful is a good consideration. (Longbridge *vs.* Darville, 5 B. & A., 117.)

3. The burden of proof being upon the defendant to establish an entire want of consideration, she was bound to show, not only that the estate was insolvent, but that it could not have paid any thing upon the class of debts in which judgments were entitled to be placed.

4. The lien of a judgment upon real estate given by statute in this State is not lost by the death of the judgment debtor; and the discharge of that lien was a sufficient consideration to support this note and mortgage.

- 5. A note given by way of settlement, and to avoid the trouble, expense and risk of litigation, where the law is doubtful, and there is a difference of opinion, will not be held invalid for want of consideration. (Longbridge *vs.* Dorville, 5 B. & A., 117; 1 Leigh's Nisi Prius, 30; Brown *vs.* Sloan, 6 Watts, 421.)

6. Damage, trouble, inconvenience or prejudice to the promisee, constitutes a good consideration, as benefit to the promisor. (2 Peters' Rep., 182; 5 Cranch, 142; 8 Mass., 200; 6 Mass., 58; 4 Munf., 63; 2 Johns. Cases, 52; 1 Conn. Rep., 519; Chitty on Contracts, 25; Marks *vs.* Bank of Missouri, 8 Mo. Rep., 316.) Waiver of a legal right, at the request of another person, is a good consideration for a promise by him. (2 N. H., 97; 4 Pick., 97; 14 Johns. Rep., 466.)

GAMBLE *and* BATES, *for Defendant in Error.*

1. There was here no consideration for the note.— Chitty on Contracts, 9; 3 Pick., 83; 7 Mass. Rep., 14.

2. All the instructions asked by the plaintiff, which assume that there was evidence that the note was taken in payment of the judgment against John P. Reilly, were properly refused, because there was no such evidence in the case, which could be left to the jury without misleading them.

3. All the instructions asked by plaintiff, which speak of the note as payment

of the judgment, were properly refused; because they refer to the purpose of the defendant to pay the judgment, and do not depend upon the acceptance of the note as payment.

TOMPKINS, J., *delivered the opinion of the Court.*

This was a petition to foreclose a mortgage, by Bryan Mullanphy, suing for the use of John O'Fallon, executor of John Mullanphy, against Mary Reilly.

The Court of Common Pleas of Saint Louis county, in which the petitioner sued, gave judgment for the defendant; and to reverse that judgment, the petitioner, B. Mullanphy, sues out this writ of error.

The defendant pleaded *nil debit*, and gave notice, that, upon the trial, she would prove that the mortgagee gave no consideration for the making of the mortgage, and that he obtained the note from the mortgagor without consideration, and by imposing upon her erroneous belief that she owed the amount thereof, when, in fact, she owed him nothing. On the trial of the cause, the plaintiff gave in evidence the promissory note and the mortgage, of which, as no question is made as to their construction, nothing more will be said.

The defendant produced and examined, as a witness, Bryan Mullanphy, the plaintiff. He testified, that he had obtained a judgment against John P. Reilly, in his life-time, for about the amount of the said note, and that said Reilly died leaving said judgment unsatisfied; that the defendant in this case, the widow of the said Reilly, and Mr. Joseph Walsh, frequently said the judgment should be paid; and finally, the defendant, in order to lift the *cloud* or incumbrance of the judgment from the estate of the deceased husband, and in lieu of said judgment, and the lien which it was supposed to create upon the real estate of the deceased, gave the plaintiff this note and mortgage. It was supposed by the witness, that the lien of said judgment extended over some real estate of the deceased, and was not extinguished by his death. He did not tell them so, but spoke of it with Mr. Joseph Walsh, or perhaps both of them, as a disputed point; gave it as his own opinion that it was so. Walsh replied, by giving Mr. Gamble's opinion that it was not so, and said that he believed there was no lien or occasion to pay; that Mr. Gamble had told them so, but that the debt ought to be paid, and they would pay it. The witness thought they were not willing to risk the lien. Mr. Joseph Walsh was the person with whom the conversations were chiefly held; and finally, witness urging a settlement, and saying the widow might take her own time, the note and mortgage were brought to him by Mr. Joseph Walsh. When the note, which was payable in two years, became due, suit was brought. Mrs. Reilly sent for the plaintiff, and asked his advice, and wished to let judgment go, to save costs, but witness advised her not to do so, saying the land would sell low, and advised her to employ counsel, and make the best defence she could, and to gain time, when the property would probably sell better.

The witness farther testified, that he had never presented his judgment for allowance in the Probate Court against the estate, but suffered the three years' time allowed by law for the settlement of the estates of deceased persons to

elapse, relying solely on said note and mortgage for his debt. This was all the testimony given in the cause.

The defendant then moved the court, in lieu of instructions, (the same being submitted to the court) to declare the law applicable to the case, arising out of the instructions, to be as follows, viz.: that if the evidence proves that the only consideration for the making of the note and mortgage, by Mary Reilly, was to satisfy a judgment obtained by the plaintiff, Bryan Mullanphy, against John P. Reilly, the husband of the defendant, in his life-time, this was not a consideration on which the said note and mortgage would bind the defendant. The court gave this instruction, and the plaintiff excepted.

The plaintiff then asked five instructions, four of which being nothing more than the negative of that given for the defendant, will be passed over; for if the court decided correctly in giving the defendant's instructions, it must have decided correctly in refusing those of the plaintiff.

The fifth instruction prayed by the plaintiff was, " That the said Mary Reilly had a right to pay her husband's debts, and to give a note for them, and that such a note is a sufficient consideration to support the mortgage." Undoubtedly, the defendant had a right to pay her husband's debts: but the question here is, not about her right to pay, but the plaintiff's right to recover; and as she does not wish to pay the debts, we are driven back to inquire, whether the note was founded on a good consideration, observing, that the court committed no error in refusing that instruction, as it is altogether immaterial.

The appellee made the plaintiff her witness, and he testified, that, relying solely on this note, and the mortgage for the security of the payment of the debt due from the deceased, he had never presented his judgment against the estate to the Probate Court for allowance. It may be said, then, that at the request of the appellee, the appellant lost his chance to obtain an allowance in the Probate Court, by failing to present it before his claim was barred by the statute. Any loss or injury sustained by a plaintiff, at the request of the defendant, forms a good consideration to support a promise to pay, provided that promise be fairly obtained, and not by fraudulent representations, &c.

A valuable consideration is one that is either a benefit to the party promising, or some trouble or prejudice to the party to whom the promise is made. (2 Kent's Comm., 465.) The question is this: Did Mullanphy make a misrepresentation of the law to the appellee, in telling her that his judgment, obtained against the deceased in his life-time, was a lien on the real estate after his death? It will be recollected, that he, at the same time, told her, that different lawyers entertained different opinions on the subject. This is a question not proper to be here investigated; but it will suffice to say, that this question has been argued before this Court, and has been kept under advisement since the last January term.

The note, then, to secure the payment of which the mortgage has been executed, seems to be for a good consideration, and consequently the court committed error in giving the instruction prayed by the defendant below, appellee here.

The judgment of the Court of Common Pleas must be reversed, and the cause remanded.