| 74 | 251 |
|----|-----|
| 101 | ²253 |

MADISON COUNTY BANK, Respondent, v. E. L. GRAHAM et al., Appellants.

St. Louis Court of Appeals, March 15, 1898.

1. **Promissory Note:** CONSIDERATION: PLEADING: FRAUD IN THE PROCUREMENT OF A CONTRACT. Fraud in the procurement of any contract vitiates it, but such a defense must be pleaded, and it must be shown that the plaintiff was connected with or cognizant of the fraud.

2. **Promissory Note:** CONSIDERATION. The fact that the defendants received no part of the loan for which the note was given, is not sufficient to discharge them. Any expense, trouble or inconvenience experienced by the plaintiff makes the consideration valuable in law.

3. ———: ———. If this was an action to enforce the original agreement of the defendants to loan their credit, then the argument that there was no consideration might be good. This action is on the note which is a separate contract subsequently entered into by the defendants in execution of their original undertaking. On the faith of the note the plaintiff parted with its money, and the defendants are liable to pay it upon the principle that the plaintiff has advanced money for them on their request.

*Appeal from the Madison Circuit Court.*—HON. JAMES D. Fox, Judge.

AFFIRMED.

WILLIAM N. NALLE with WILLIAM CARTER for appellants.

The issue, as stated in the trial court's findings of conclusions of fact and law, viz., "whether or not the note in suit was accommodation paper, or was executed for a valuable consideration," was error. *First.* The issue was, by the answer, "a want of the consideration in whole." R. S. 1889, sec. 2090; Williams v. Melton, 56 Mo. 262. *Second.* The issue was by replication "money advanced to a third party because of a concurrent, valid and consistent parol promise of the payee to the makers of the note, as the consideration in fact." *Third.* This issue was avoided in rebuttal by invoking the statute of frauds and equitable relief, because of fraud, deceit, misapplication and nonapplication of funds, and further, that the payee was merely by name the fiscal agent. *Fourth.* The "note in suit" was, strictly defined, "accommodation paper." The respondent, its officers, stockholders and their donee, the M. E. C. S. of the St. L. Con. District, got all the "benefits and credits." The makers of the note got nothing. Sprague v. Rooney, 104 Mo. 349; Thomas v. Ramey, 47 Mo. App. 84; Hardwick v. Cox, 50 Mo. App. 509.

M. R. SMITH for respondent.

The instrument sued on is an ordinary promissory note, and is, therefore, a direct and independent undertaking of the signers thereto to pay the amount upon the terms stated in it, and that, as such under-

taking under our statute and the law merchant, imports a consideration.  R. S. 1889, sec. 2389; Montgomery Co. v. Auckley, 92 Mo. 129; Houck v. Frisbee, 66 Mo. App. 21.  "Courts will not ask whether the thing which forms the consideration does in fact benefit the promisee, or a third party, or is of any substantial value to any one.  It is enough that something is promised, done, forborne or suffered by the party to whom the promise is made, as consideration for the promise made."  Homer v. Sideway, 124 N. Y. 545; Enson's Prin. of Cont. [Am. Ed. 1895], p. 88; Irwin v. Lombard University, 46 N. E. Rep. 62.  The note sued on is not accommodation paper according to the law merchant.  The testimony nowhere shows, or tends to show, that appellants signed said note for the purpose of lending their credit either to the bank, or to the college, or for the accommodation of either; but it does show conclusively, that they, with other parties, signed the note unconditionally, and for the purpose of having the bank to loan $4,000, to be used by the building committee for the college.  The following authorities define what accommodation paper is understood to be by the law merchant.  Tiedeman on Com. Paper, sec, 158; Byles on Bills, star p. 132, and note 1; 1 Daniels on Neg. Inst., sec. 189; Singer v. Dickneite, 51 Mo. App. 249.

BIGGS, J.—This is an action on a promissory note. The answer of the defendants admitted the execution of the note, but averred that it was executed and delivered by them without consideration.  The replication contains a recital of the attending facts and circumstances as the plaintiff understood them.  The cause was tried before the court.  At the conclusion of the evidence the court made special findings of facts and stated its legal conclusions.  The judgment was

for the balance claimed to be due on the note, and the defendants have appealed. It will not be necessary to set forth the special findings of the court. A reference to the evidence will show the nature and quality of the defenses which were attempted to be made.

The following are the facts as shown by the evidence of the plaintiff: In 1894 the conference of the Methodist Church for the southern portion of the state was seeking a location for an institution of learning to be under the control and patronage of that denomination. As an inducement for the conference to select the city of Fredericktown as the site for the proposed college, many of the citizens and taxpayers of the city, acting through a committee appointed at a public meeting, proposed to the committee of the conference that they would donate and convey to the church authorities ten acres of land joining the city limits, and that they would erect thereon a school building at a cost of not less than $25,000. The proposition was accepted, provided the building was completed by the first day of September, 1895. The persons who were actively pushing the enterprise began to solicit subscriptions. Subsequently the citizens appointed a building committee. The land was purchased and the contract for the building was let. In June, 1895, the building committee had expended all the money that had been collected upon subscriptions and had incurred a debt of about $1,700, which it was unable to pay. The building was unfinished and the chairman of the building committee recognized the fact that unless some plan was immediately devised to raise money with which to carry on the work it would not be possible to open the school at the stipulated time. He thereupon called a public meeting, which was largely attended. At that meeting it was unanimously agreed that an effort should be made to induce fifty persons to

borrow $4,000 for the benefit of the college, it being estimated that amount, together with unpaid subscriptions, would be sufficient to pay outstanding debts and complete the building.    Several persons who were present agreed to make an effort to get the required number of names.    After the meeting had adjourned it was ascertained by E. D. Anthony that the plaintiff would loan the money, provided its discount committee decided that the security was good.    Thereupon Mr. Anthony prepared the note in suit, in which the plaintiff is named as the payee.    He circulated the note and obtained the signatures of several of the makers.    The note then passed into the hands of others for circulation.    When the fifty signatures were secured the note was presented to the plaintiff for discount.    The report of the financial committee being favorable the loan was made and the sum of $4,000 was passed to the credit of the building committee, all of which was used in discharging outstanding obligations and in completing the building.

The court heard all of the testimony offered by the defendants, but at the close it excluded the most of it. The evidence adduced tended to prove these facts: The defendants received no part of the loan.    The parties who circulated the note represented that the signers would not have to pay anything, as the unpaid subscriptions, when collected, would be sufficient to pay the note.    There was no evidence that the parties who obtained the signatures represented the bank, or that the officials of the bank had notice prior to the discount of the note that any such representations had been made.    The court excluded all testimony as to the alleged false representations, upon the grounds that the answer made no such defense, and that there was nothing to show that the parties who made the representations were the agents or representatives of the

bank, or that the officials of the bank knew of the alleged false statements before the bank parted with the money. It is clear that the court did right in excluding the evidence tending to prove the alleged false representations. Fraud in the procurement of any contract vitiates it, but such a defense must be pleaded, and it must be shown that the plaintiff was connected with or was cognizant of the fraud.

The fact that the defendants received no part of the loan, is not sufficient to discharge them. Any expense, trouble or inconvenience experienced by the plaintiff, makes the consideration valuable in law. Halsa v. Halsa, 8 Mo. 303; Hudson v. Busby, 48 Mo. 35; Houck v. Frisbee, 66 Mo. App. 16.

The further contention of the defendants is that the extent of their agreement was to loan their credit for the benefit of the college. Their argument is that this agreement is invalid, for the reasons that the promise was made to no particular person and was without consideration, and that therefore the note is without consideration. We agree that in every contract there must be a promisee, and we also agree that a promise which has for its consideration a public benefit only, can not as a rule be enforced. If this was an action to enforce the original agreement of the defendants to loan their credit, then the argument might be good. But we have no such case. The action is on the note which is a separate contract subsequently entered into by the defendants in execution of their original undertaking. On the faith of the note the plaintiff parted with its money, and the defendants are liable to pay it upon the principle that the plaintiff has advanced money for them on their request. Trustees v. Allen, 14 Mass. 172. Our conclusion is that the defendants have failed in their defense. As the execution of the note was admitted, and as no additional credits were claimed,

the judgment of the circuit court followed as a matter of law. The judgment will therefore be affirmed. All the judges concur.