MARY E. SUMMET et al., Appellants, v. CITY REALTY & BROKERAGE COMPANY et al.

### Division One, December 24, 1907.

1. **RES ADJUDICATA: Parties and Privies: Subsequent Grantees.** Judgments are binding upon parties to the suit and upon their privies, whether in contract, estate, blood or law. So that where the plaintiffs in the ejectment suit were defendants in a former suit by which the validity of a sale under a deed of trust made by them was adjudicated and determined in favor of the then plaintiff insurance company, and the defendant in this suit is the grantee through mesne conveyances of that company, and therefore its privy, that judgment is binding upon plaintiffs in this.

2. ————: **Sale Under Deed of Trust: Adjudged Valid: Sale by Stranger.** Where plaintiffs in the former suit assailed the validity of the sale under a deed of trust, asking that it be set aside because of the fraud and misconduct of the trustee, they thereby admittec that the deed of trust was duly executed and that the sale was made by the rightful trustee.

3. ————: **Matters That Might Have Been Litigated.** Every question which properly belonged to the subject of the litigation and which the parties in the exercise of reasonable diligence might have brought forward, was determined in the former suit, and the judgment is as binding as to those matters as it would be had they specifically been put in issue.

4. **DEED OF TRUST: By Insurance Company: Estoppel.** The borrower of money from a life insurance company, who executes a deed of trust on real property as security therefor, and his privies, are estopped from questioning the power of the corporation to loan the money or to take the deed of trust as security therefor.

5. **CORPORATION: Holding Real Estate for Six Years.** The right of a corporation to hold real estate for more than six years after it had bought it in a foreclosure sale under a deed of trust

given to secure a loan to the mortgagor, is a question which only the State can raise.

6. **CONVEYANCES: By Life Tenant and Remaindermen.** Contingent remainders are alienable the same as are other estates. So that where the marriage contract entered into by a woman and the owner of a lot gave it to her and to the heirs of her body by him begotten, and after his death and after all her children by him begotten had reached their majority, she and they conveyed the lot to a trustee to secure a loan by an insurance company to her, and then she died, a valid foreclosure of the deed of trust and sale thereunder conveyed the lot to the purchaser, and all the title of the remaindermen.

7. ———: ———: **Loan to Life Tenant Alone.** Nor does the fact that the contingent remaindermen received no part of the money loaned to the life tenant in any manner affect the validity of the deed of trust which they joined her in making to the insurance company to secure the loan.

8. **EJECTMENT: Equitable Relief: Quieting Title: Pleading.** All that is necessary to entitle the defendants in ejectment to have the title quieted under section 650, Revised Statutes 1899, is to allege in their cross-bill how they acquired title and then to state generally that plaintiffs claim some interest in the premises adverse to them, with a prayer that their respective interests may be ascertained and determined by the court.

9. ———:. ———: **Trial by Jury.** Where plaintiffs in ejectment did not make out a prima-facie case, and defendants in their cross-bill asked that the title be quieted and for equitable relief, the court did not err in refusing plaintiffs a trial by jury.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover*, Judge.

AFFIRMED.

*English & English* for appellants.

(1) The plea of *res judicata* was not sufficient under any rule of pleading. One suit in ejectment does not bar a second. Demurrer thereto should have been sustained. (2) In this action the issues were those of the legal title, and right of possession. Plain-

tiffs were entitled to a jury trial.    R. S. 1899, sec.
691.    There was no waiver of jury trial.    (3) The
deed of trust to Case was void as to the children of
D. A. N. Grover and Latitia Grover.    It created no es-
toppel.    They received no consideration.    The court
erred in admitting the deed from the Prudential In-
surance Company to Carey.    It was incompetent for
the reason it did not purport to be executed by the In-
surance Company, nor was it acknowledged as pro-
vided under the statutes.    R. S. 1899, sec. 913.    Also
in admitting the second deed; it was not signed by the
"president or the presiding member, or trustee" or the
corporation, and is void.    R. S. 1899, sec. 904.    (4) Un-
der the pleading the findings are not sustained by the
evidence, and the judgment is erroneous in attempting
to give equitable relief as no equitable mattters were
alleged in the pleadings or established by the evidence.
Wilson v. Lubke, 176 Mo. 210.

*Haff & Michaels* and *W. M. Walker* for respond-
ents.

(1)    A contingent remainder is vendible during
the continuance of a life estate, and if the remainder-
men survive the life tenant, a good title will pass to
the purchaser or his grantees.    Godman v. Simmons,
113 Mo. 122; Findlay v. Babb, 173 Mo. 263; Clark v.
Sires, 193 Mo. 502.    (2) Grantors or their privies
cannot impeach their deeds for failure of considera-
tion, especially after the land conveyed reaches the
hands of purchasers for value without notice.    Wine-
land v. Coonce, 5 Mo. 296; Gordon v. Ritenour, 87 Mo.
54; Hollocher v. Hollocher, 62 Mo. 267.    (3) Money
advanced to a life tenant on a deed of trust signed by
the life tenant and by the remaindermen at the re-
quest of the life tenant, is a good consideration to the
remaindermen, and even as between the parties to the
deed the remaindermen are estopped from asserting a

failure of consideration to them.    Mullanphy v. Reilly,
8 Mo. 675; Bank v. Graham, 74 Mo. App. 251; Halsa
v. Halsa, 8 Mo. 303; Houck v. Frisbee, 66 Mo. App.
16; Coal Co. v. Blake, 85 N. Y. 226; Edwards v. Scho-
eneman, 104 Ill. 278; Post v. Bank, 38 Ill. App. 259;
Johnston v. Bldg. Assn., 104 Pa. St. 394; 6 Am. and
Eng. Ency. Law (2 Ed.), 761; 14 Ib. 285; 23 Ib. 511.    (4)
An acknowledgment by the president of a corporation
that the instrument was the voluntary act and deed of
the corporation is in compliance with the statutes and
is good.    R. S. 1899, secs. 904, 982; Eppright v. Nick-
erson, 78 Mo. 483; Huse v. Ames, 104 Mo. 103; Gross
v. Watts, 104 S. W. 30.    (5) A corporation deed signed
and acknowledged by a vice-president is valid.    R. S.
1899, sec. 982; Huse v. Ames, 104 Mo. 91; Ballard v.
Carmichael, 83 Tex. 355.    (6) The State alone can
question the right of a corporation to hold property
more than six years.    Hall v. Bank, 145 Mo. 418; Bank
v. Matthews, 98 U. S. 621; Bank v. Poitiaux, 3 Rand.
(Va.) 136.    (7) Grantors and their privies are es-
topped from questioning the power of a corporation to
loan money and take deeds of trust.    Broadwell v.
Merritt, 87 Mo. 101; Land Co. v. Railroad, 161 Mo.
595; Smith v. Sheeley, 12 Wall. 361.    (8) Where judg-
ments go against defendants who have set up equitable
defenses, such judgments are binding on the parties
and their privies in estate in subsequent suits. Samson
v. Mitchell, 125 Mo. 230; Crispen v. Hannavan, 50 Mo.
415; 24 Am. and Eng. Ency. Law (2 Ed.), 724, 726.
But even disregarding these judgments, the decree
was for the right party and therefore will not be re-
versed.    R. S. 1899, sec. 865; Gardner v. Railroad,
135 Mo. 90; Bragg v. Railroad, 192 Mo. 331.    (9) A
suit to quiet title under section 650, Revised Statutes
1899, is equitable in its nature and when a defendant
is sued in ejectment and files a cross-bill under section
650 the case should be tried as an equity case. Graton

v. Land & Lumber Co., 189 Mo. 332; Harrison Machine Works v. Bowers, 200 Mo. 235; Sampson v. Mitchell, 125 Mo. 230; Martin v. Turnbaugh, 153 Mo. 172; Myers v. Schuchmann, 182 Mo. 171; Swon v. Stevens, 143 Mo. 392; Lincoln Trust Co. v. Nathan, 175 Mo. 32; Ward v. Quinlivin, 65 Mo. 454; Redman v. Adams, 165 Mo. 71; Cass Co. v. Bank, 157 Mo. 133; Wilson v. Lubke, 176 Mo. 217.

*English & English* for appellants in reply.

(1)  The instrument between Grover and his intended wife was but a marriage contract.  It was not a conveyance.  When supplemented by marriage it was enforcible in equity but was not a legal estate.  19 Am. and Eng. Ency. Law, 1227.  The title attempted to be conveyed or pledged was not such as to pass their prospective reversionary interest.  The marriage contract was not that her heirs take after her death, but that her heirs by him begotten, and, in want thereof, the property was to revert to his heirs. The facts or the law as laid down in Godman v. Simmons, 113 Mo. 122, do not apply.  (2)  The deed from the Grover heirs to the plaintiff Mary E. Summet was made before the trustee's sale and after the death of Latitia A. Grover.  Plaintiff then had title after the estate had vested in them.  The injunction suit offered in evidence by defendant was brought against her and her husband also.  She and he answered and in their answer set out a written contract with the insurance company authorizing her to redeem.  As this answer and cross-petition was not denied under oath it stood admitted.  R. S. 1899, sec. 746.  The suit was dismissed as to her and there was no judgment against her or any finding on this answer.  This suit adjudicated nothing as to her interest adverse to her, except that its introduction by the respondents in this case authorizes the court below and the court here to

indulge for her benefit all presumptions which attend the admission that such a contract existed between her and the insurance company.

WOODSON, J.—This is a suit in ejectment for the possession of the south forty-nine feet of lot one hundred forty-six, in block eleven, McGee's addition to Kansas City, Missouri.

The petition is in the usual form.

The answer of Anna Voypool is a disclaimer of any interest in the premises, and an allegation that she was in possession of the property as tenant of defendant, the City Realty & Brokerage Company, and that she was ready and willing to attorn to the party to whom the title and possession of the property may be adjudged.

The defendant company's answer is, first, a general denial; second, a plea of *res judicata*; third, a cross-bill, claiming to be the owner in fee of the premises, and admits its possession. Then it proceeds to allege that plaintiffs claim some right, title or interest in and to the property, but the character and nature of which is to the defendant unknown, except that it is adverse and prejudicial to defendant's title.

The reply is a general denial of the new matters contained in the answer and cross-bill.

The plaintiffs demanded a trial by jury, claiming that the suit was one at law, while the defendant contended that the answer and cross-bill converted it into an equitable proceeding, and was for that reason triable before the court.

The court took the latter view of the cause, and proceeded, over the objections and exceptions of plaintiffs, to try the case as one of equity. The findings and decree were for the defendant, and in proper form and in due time plaintiffs appealed the cause to this court.

The facts are few and simple, and are stated by counsel for respondent, substantially, as follows:

"April 25, 1862, D. A. N. Grover was the owner of the south 49 feet of lot 146, block 11, McGee's Addition, in Kansas City, Missouri; and on that day he entered into an ante-nuptial contract with Latitia J. Cockrell, whereby this and other property was granted to his said intended wife 'for her separate use, benefit and behoof and the heirs of her body begotten by the said D. A. N. Grover, forever.' May 1, 1862, the said parties were married to each other. February 18, 1863, a son, Charles Grover, was born of said marriage. May 13, 1864, a second son, D. A. N. Grover, Jr., was born of said marriage. April 27, 1866, a daughter, Gertrude A. Grover, was born of said marriage. February 9, 1868, a third son, Shelley Grover, was born of said marriage. October 17, 1873, a fourth son, Pliny Warner Grover, was born of said marriage. No other children were born of said marriage. February 15, 1876, the said Pliny Warner Grover died. February 11, 1880, D. A. N. Grover, the said husband of Latitia J. Cockrell Grover, died.

"July 10, 1890, the said Latitia J. Cockrell Grover, D. A. N. Grover, Jr., Gertrude A. Grover and Shelley Grover, all then single persons, and Charles Grover and Mary J. Grover, his wife, united in the execution and delivery of a deed of trust, whereby they 'granted, bargained and sold, conveyed and confirmed' the said land unto Theodore S. Case, as trustee for the Prudential Insurance Company of America, in trust to secure one note for $1,000 and another note for $8,000, executed by all of the said grantors on said July 10, 1890, to said insurance company, which notes represent a loan that day made to said grantors by the said insurance company; the deed of trust was properly acknowledged. July 11, 1890, the deed of trust was recorded in the proper office.

"August 20, 1893, Latitia J. Grover deeded said property to Charles Grover, consideration $621.88. July 10, 1894, Charles Grover and wife, D. A. N. Grover, Jr., and wife, Shelley Grover and wife, deeded said property to Gertrude A. Grover, consideration $100. This deed was made subject to 'a deed of trust for $8,000 and interest thereon from January 10, 1894.' October 13, 1894, Charles Grover and wife and Gertrude A. Grover deeded said property to Mary E. Summet, subject to 'a deed of trust of $8,000, and interest thereon from January 10, 1894, which is now on record in the recorder's office of Jackson county, Missouri.' The consideration named in this deed is $1,500, but Mr. Summet testified that the actual consideration was $275.

"February 21, 1895, the deed of trust was foreclosed and the land sold after proper notice and because of default in the payment of the notes and interest secured by the deed.    The Prudential Insurance Company of America was the purchaser, and on said day the said trustee made, executed and delivered his trustee's deed to said land to said insurance company.    February 27, 1895, said trustee's deed was recorded in the proper office.

"In March, 1895, said insurance company brought its action of ejectment against William L. A. Summet, Mary E. Summet et al., in the Jackson County Circuit Court, claiming possession of the property in controversy.    In April, 1895, defendants in said ejectment case filed answer, setting up defects in the trustee's sale, in that the trustee was guilty of fraud and misconduct in stating to prospective bidders that the sale would be made at one hour of the day, and that in violation of those statements made it at another and different hour, and thereby caused the property to sell for a much less sum than it was really worth, and for which it would have sold had it not been for the state-

ments; and prayed for affirmative relief, and filed an application for change of venue; this change of venue was granted and the case sent to the circuit court of Clay county.   November 11, 1895, the said insurance company obtained judgment against defendants in said ejectment case.   November 30, 1895, the sheriff ousted the Summets from the said property and put the insurance company in possession.

"January 9, 1896, said insurance company filed in the Jackson County Circuit Court its bill in the nature of a bill of peace against said William L. A. Summet et al., based upon the judgment in the former ejectment case.   Defendants answered setting up equities and asking for affirmative relief.   July 8, 1896, decree was rendered in favor of plaintiff in said bill of peace against the said William L. A. Summet and W. F. Johnson (the cause having been dismissed as to Mary E. Summet), whereby they were permanently restrained and enjoined from going upon the property in controversy in this case, from 'injuring or defacing said property, from exercising any acts of ownership on said property or taking possession thereof or any part thereof, and from in any way interfering with the possession of the plaintiff, or of the possession of those holding said property or parts thereof under this plaintiff, or from committing any acts of trespass thereon,' and for costs.

"August 19, 1901, the said insurance company, by general warranty deed, in consideration of the sum of $5,500, conveyed said property to Robert A. Carey, of Kansas City.   September 23, 1901, said deed was recorded in the proper office.   September 23, 1901, Robert A. Carey and wife made a general warranty deed of said property to respondent City Realty & Brokerage Company of Jackson County, Missouri.   January 3, 1902, the said insurance company executed and delivered to the said Robert A. Carey its quit-claim

deed of correction 'for the purpose of correcting certain errors in the execution and acknowledgment of a certain deed made by first party herein to second party herein, dated August 19, 1901, and recorded September 23, 1901, in book B 778, page 309, of the records in the recorder's office of Jackson county, Missouri.'

"March 15, 1902, the said Latitia J. Grover died and left surviving her the said Charles Grover, D. A. N. Grover, Jr., Gertrude A. Grover and Shelley Grover. December 23, 1902, the aforesaid deed of Robert A. Carey and wife to City Realty & Brokerage Company, dated September 23, 1901, was recorded in the proper office. July 28, 1903, the said quit-claim deed of correction of said insurance company to said Carey was recorded in the proper office."

I. The first contention of the plaintiffs and appellants is that the judgment in the case of The Prudential Insurance Company against William L. A. Summet, Mary E. Summet et al., rendered by the circuit court of Clay county on change of venue is not *res judicata* between the parties to this suit, and assign two reasons therefor: first, because the suit is not between the same parties; and, second, for the reason that the issues were not the same in that case as are those here involved.

We will dispose of those two propositions in the order presented.

FIRST. While it is true the parties to that suit and this are not the same, yet the plaintiffs in this case were defendants in that, and the defendant in this is in privity in estate with the plaintiff, the insurance company, in that case, having purchased the same property involved in that suit. The law is too well established to require a reinvestigation of the question, that judgments are binding upon the parties to a suit and their privies, whether in contract, estate, blood,

or in law.    [Litchfield v. Goodnow, 123 U. S. 551; Crispen v. Hannavan, 50 Mo. 415.]

SECOND.   The cross-bill in the former case assailed the validity of the sale made by the trustee named in the deed of trust executed by plaintiffs, grantors, whereby they conveyed the property to the insurance company as security for the payment of the notes described therein, upon the grounds that he had been guilty of fraud and misconduct in the sale of the property, and asked for equitable relief.   In that case the defendants therein, who are the plaintiffs herein, by not assailing the due execution and validity of the deed of trust, did, by implication and necessity, admit its due execution and validity by asking to have the sale set aside because of the fraud and misconduct of the trustee.   If he was not the trustee, or if the deed was not properly executed or was invalid, why litigate the conduct of the trustee in making the sale thereunder? The only reasonable interpretation to be placed upon the cross-bill is that it admitted the due execution and validity of the deed of trust, but that the sale by the trustee thereunder was invalid because of his fraud and misconduct in making the sale thereunder.   That being true, we must hold that all of those questions were adjudicated in the former trial and cannot be relitigated in this.

But suppose that was not the true intent and meaning of the cross-bill, yet under the well-known rule of *res judicata* every question which properly belongs to the subject of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time, are included in the judgment, and it is as binding upon those matters as if they had been specifically put in issue.   This rule is based upon the principle that a party must try his entire cause of action or make his entire defense in the same action, and will not be permitted to split up the

cause of action or defense into several parts and litigate each separately, when all the matters properly and naturally relate to the subject-matter in litigation, and could properly and logically have been tried in the same cause; but this rule does not extend to matters which are wholly independent of and have no relation or connection with the subject of the litigation, such as set-off or counter-claim, without they are actually set up and adjudicated. [Mason v. Summers, 24 Mo. App. 174; Edgell v. Sigerson, 26 Mo. 583.]

According to the law as enunciated in the foregoing authorities, both of appellants' contentions must be ruled against them.

II. Appellants next present the legal proposition that, in this State, a life insurance company has no power or authority to lend money or take a deed of trust on property to secure the same.

What has been said in paragraph one of this opinion applies with equal force and effect to the proposition here presented, as well as the next one to be considered; but as each of them is presented in different form, we will give them separate consideration.

The question now under consideration is no new one in this State. It has been held a number of times by this court, that a borrower of money and he who executes a deed of trust on real property as security therefor and his privies are estopped from questioning the power of the corporation to loan the money and to take a deed of trust as security therefor. [Broadwell v. Merritt, 87 Mo. 101; West Mo. Land Co. v. Railroad, 161 Mo. 595; Smith v. Sheeley, 12 Wall. 361.]

III. This court is next asked to reverse the judgment in this cause because the record discloses that the insurance company held the land in question for a period of more than six years, which is in violation of section 7 of article 12 of the Constitution of 1875.

This question can be raised by the State alone.     It is a matter that does not concern the individual, as held by the following cases:     Hall v. Bank, 145 Mo. 418; National Bank v. Matthews, 98 U. S. 621; Bank v. Poitiaux, 3 Rand. (Va.) 136.

IV.     The contention that the deed of trust to the insurance company is void as to the children of D. A. N. Grover and Latitia, his wife, and for that reason no title passed to the company, is equally untenable.

The marriage contract entered into between them gave the lot to Latitia Cockrell and to the heirs of her body by him begotten.     At common law those words created an estate tail in the first taker, but under section 4 of chapter 108, General Statutes of 1865, that estate was converted into a life estate in Latitia, with a contingent remainder in fee in favor of the persons answering the description of the words, "the heirs of her body," upon the death of the life tenant.

Latitia and all the children of that marriage, after the death of D. A. N. Grover, and after all of them became of age, either by direct or mesne conveyances, conveyed the land to the insurance company as security for the loan before mentioned, and afterwards the mother died.     While it is true the marriage contract created only a contingent remainder in their children, for the reason that no one could tell who the heirs of her body by him begotten would be until after her death, as the living have no heirs; but in this case that is entirely immaterial, because all of their children, after reaching their majority, together with their mother, joined in the conveyances to the insurance company.     By this it is seen that the owner of the life estate joined in the conveyances with the contingent remaindermen, all of whom owned the entire estate in fee, and conveyed it to the insurance com-

pany, and then in 1902, the life tenant died, without leaving any other such heirs.

The law of this State no longer rests in doubt regarding the right and power of contingent remaindermen to sell and convey their interest in real estate. This court has uniformly held that contingent remainders are alienable the same as are other estates. [Godman v. Simmons, 113 Mo. 122; Clark v. Sires, 193 Mo. 502; Finley v. Babb, 173 Mo. 1. c. 263.]

And the fact that the remainderman received no part of the money lent to the life tenant can in no manner effect the validity of the deed of trust made to the insurance company. The money loaned by the company to Latitia Grover on her note, secured by the deed of trust signed by her and all of the remaindermen, was a good and valid consideration as to the latter; and even between the parties to the deed remaindermen are estopped from asserting a want of consideration to them. [Mullanphy to use v. Reilly, 8 Mo. 675; Madison County Bank v. Graham, 74 Mo. App. 251; Halsa v. Halsa, 8 Mo. 303; Coal Co. v. Blake, 85 N. Y. 226; Edwards v. Schoeneman, 104 Ill. 278; Johnston v. Bldg. Assn., 104 Pa. St. 394.]

V. Appellants' contention that the cross-bill of respondents does not state facts sufficient to entitle it to the equitable relief prayed is not in harmony with the ruling of this court. It must be observed that respondents in their cross-bill rely upon section 650, Revised Statutes 1899, to have the title to their property quieted. Whatever may have been the individual views of the writers upon that subject, this court, in the case of Burk v. Pence, 206 Mo. 315, held that all that was necessary to be alleged in the petition to entitle the plaintiff to relief under that section was to state how they acquired their title, and then state, generally, as was done in the cross-bill in this case, that the defendant claimed some interest in and to the

premises adverse to the plaintiffs, and prayed that their respective interests might be ascertained and determined by the court, and a decree entered adjudging the rights of the respective parties. The same rule of pleading is applicable to a cross-bill where affirmative relief is prayed for.

. VI. It must follow from the views hereinbefore expressed that the appellants did not introduce evidence sufficient to make out a prima-facie case, justifying its submission to a jury, and for that reason they have no valid legal reason for complaining of the action of the court in refusing them a trial by jury, even conceding, without deciding, that ordinarily they would be entitled to a jury in the trial of such cases.

Under the evidence introduced, the findings and judgment of the trial court were unquestionably just, proper and for the right parties, and the judgment should be affirmed; and it is so ordered.

All concur.