# I. J. WOLF v. HENRY HARRIS, Appellant.

### Division Two, March 31, 1916.

1. **ABSTRACT: Transfer from Court of Appeals.** When a case reaches the Supreme Court by transfer from a court of appeals, on the ground that a constitutional question is involved, the rule is not to scrutinize too closely the abstract of the record, lest appellant be caught unwittingly between the rules of that court and of this and thereby be pinched out of any appeal at all.

2. **PETITION: Cause of Action.** The point that the petition does not state a cause of action may be raised for the first time in the appellate court.

3. **INJUNCTION: Publication of Libel.** Injunction, when that is the only relief prayed for, will not lie to restrain the threatened publication of either a libel or slander.

4. ————: ————: **Remedy.** The issue of libel or no libel is an issue of law and a matter for the jury; and before plaintiff can have an injunction to restrain a further publication of libelous statements, there must be a verdict of the jury finding the statements to be false and libelous. If he goes to a jury with the alleged libel and obtains a judgment, which owing to defendant's insolvency he is unable to collect, further publication of a libel of like or similar import may be enjoined in a separate suit; or he may couple a count for injunction in his petition with a count at law for damages, and having sustained before a jury his law count, the court, upon allegation and proof of defendant's insolvency and threatened continuance of the libelous publication, or to avoid a multiplicity of suits, can enjoin a continued publication thereof.

Appeal from Jackson Circuit Court.—*Hon. W. A. Powell,* Judge.

Reversed.

*T. A. Frank Jones* for appellant.

(1) Under the Constitution defendant had the right to make the publications complained of, being responsible for all abuse of that liberty. Mo. Constitu-

tion, art. 2, sec. 14. (2) Under the allegations of the petition plaintiff had no right to an injunction against the defendant. Life Assn. v. Boogher, 3 Mo. App. 173; Flint v. Smoke Burner Co., 110 Mo. 492.

*Kimbrell & White* for respondent.

FARIS, P. J.—Respondent herein, who was plaintiff below, brought this action in equity in the circuit court of Jackson County to perpetually restrain and enjoin defendant from publishing certain alleged false, defamatory and libelous statements concerning respondent. From a judgment for plaintiff enjoining defendant as prayed, the latter appealed.

The case turns on the application to plaintiff's petition of section 14 of article 2 of the Constitution of Missouri, which section is pleaded by defendant in his answer. This petition is lengthy and we do not deem it necessary to set it out *in haec verba,* but will content ourselves with stating the substance of it. It may help toward an understanding of the case to say that the petition sounds in equity only and contains but one count.

The plaintiff, after averring that he is a practicing physician and surgeon in Kansas City, Missouri, and that he has been such for nearly a quarter of a century, and reciting the extent of his studies, practice and experience, avers that he was called to treat a young daughter of defendant, and though exercising in that behalf the utmost care and skill, the patient without fault of plaintiff, died; that thereafter defendant demanded of plaintiff in divers ways, and at divers times and places the sum of $10,000 because of the death of said patient, and threatened that unless said sum was paid, defendant by circulating charges of criminal negligence of plaintiff in connection with the death of the patient aforesaid, would destroy the reputation, business and professional standing and income of plain-

tiff, which plaintiff avers to be lucrative and large, and that in pursuance of said threats defendant circulated and published more than a thousand copies of a certain false and libelous writing concerning plaintiff. This writing is set out in the petition, and is if untrue manifestly libelous.

It is further alleged that thereafter defendant with the same malicious intent and design, published and circulated among plaintiff's patients, friends and acquaintances, more than five thousand copies of a certain pamphlet, in which were repeated the same, or similar, false, defamatory and libelous statements, and that subsequently defendant procured the printing of a large placard, likewise containing false and libelous statements concerning the plaintiff, and that all this was done for the purpose of wrongfully extorting from plaintiff the said sum of $10,000.

Plaintiff further alleged that all charges so made by defendant touching the wrong doing and alleged malpractice of plaintiff were false and were known by defendant to be false, and that they were made and circulated solely to gratify the spite and ill will of defendant against plaintiff and for the purpose of extorting money from plaintiff.

It is further alleged that defendant threatens to continue and until and unless restrained and enjoined will continue, to print, publish and circulate the same, or similar libelous statements touching plaintiff; that if plaintiff has any property the same is so wholly encumbered and covered up and so insufficient in quantity and value that plaintiff would be unable to collect any judgment which might be rendered in his favor as damages in any action at law that plaintiff might bring on account of the publication of said libelous statements; that if he were to sue defendant on each successive libelous publication he would be compelled to bring a multiplicity of actions at law, at great cost,

inconvenience and expense and that said actions would be so numerous and would for that so encumber the dockets of the courts of Jackson County as to obstruct the administration of justice therein, and so by reason of the premises plaintiff avers that he has no adequate remedy at law and is compelled to resort to his action in equity.

The prayer for relief is substantially followed in the decree as first above stated; that is to say, that defendant be perpetually restrained and enjoined from printing or publishing or attempting so to do, the false, defamatory and libelous statements aforesaid, or any others of like or similar import.

As stated, defendant in his answer invoked the provisions of section 14 of article 2 of the Constitution of Missouri, and denied that when measured thereby, plaintiff's petition stated any cause of action; denied that defendant is insolvent, but averred his solvency, and being solvent averred that plaintiff had an adequate remedy by an action at law for damages; further answering defendant pleaded the truth of the statements made by him; that is to say, in substance admitting publication, but averring justification.

The case went first to the Kansas City Court of Appeals, but on account of the invocation of the Constitution by defendant in his answer, the latter court, upon motion, sent the case up to us. ...

Such further facts as will suffice to make the points clear will be found in the opinion.

## OPINION.

As a foreword we may say that the abstract and the brief in this case upon appellant's part (we have not been favored with a brief from respondent) are **Abstract.** exceedingly meagre and are not such as our rules require. But since the case comes here on transfer by order of a Court of Appeals, on ac-

count of a constitutional question, the rule in such case is not to scrutinize too closely the abstract of the record, lest an appellant caught unwittingly between their rules and ours should be pinched out of any appeal at all.

There are set forth in the abstract the petition in full and the answer of the defendant invoking section 14 of article 2 of our Constitution. One point in his brief keeps alive this contention that an absolute defense is afforded him by the Constitution; another point urges that "under the allegations of the petition plaintiff had no right to an injunction against the defendant." We will treat these points thus coupled together, as we have the right to do under authority, as an attack upon the sufficiency of the petition. For where a petition states no facts upon which a judgment may be bottomed, in short, where it states no cause of action, that point may be raised here for the first time. [Sexton v. Metropolitan Street Railway Co., 245 Mo. 254; Monmouth College v. Dockery, 241 Mo. 522.]

*Cause of Action.*

Coming then to a consideration of this contention, we are constrained to hold that the point is well taken; that the petition states no cause of action, because injunction (when as here, that is the sole relief prayed for) will not lie to restrain the threatened publication of either a libel or a slander. Any other view overlooks the spirit if not the letter of the Constitution (Sec. 14, art. 2, Constitution 1875), which substantially guarantees to the citizen the privilege of saying, writing and publishing whatever he desires on any matter, subject only to liability (either civil or criminal, or both), for any abuse of that privilege. So far, it could not be said with any certainty from the bare language set forth, that an abuse of the liberty so guaranteed, when such abuse is so flagrantly present as is conceded by the appellant's brief to be the fact here, could not

be remedied by injunction. If the Constitution had stopped with this we might well say that such a remedy lies. But this section continues: "In all suits and prosecutions for libel the truth thereof may be given in evidence and the jury under the direction of the court shall determine the law and the fact." It follows that if the statements made are true the appellant is permitted to publish them when and where and as often as he will, and that he is entitled to a jury of his country to determine whether these statements are true or false. That the statements on which this action is bottomed seem upon their face to be malicious and obviously untrue, does not change the case. It has been so often ruled that in a plain case of slander of the person or slander of title, injunction will not lie, that reiteration should be unnecessary. [Flint v. Hutchinson Smoke Burner Co., 110 Mo. l. c. 500; Life Association v. Boogher, 3 Mo. App. 173; Thummel v. Holden, 149 Mo. l. c. 685; Clothing Co. v. Watson, 168 Mo. l. c. 148; Sec. 14, art. 2, Constitution of 1875; American Malting Co. v. Keitel, 209 Fed. 356.] In the case of Flint v. Hutchinson Co., supra, at page 500, BLACK, J., speaking for this court, said:

"We live under a written Constitution which declares that the right of a trial by jury shall remain inviolate; and the question of libel or no libel, slander or no slander, is one for a jury to determine. Such was certainly the settled law when the various constitutions of this State were adopted, and it is all-important that the right thus guarded should not be disturbed. It goes hand in hand with the liberty of the press and free speech. For unbridled use of the tongue or pen the law furnishes a remedy. In view of these considerations a court of equity has no power to restrain a slander or libel; and it can make no difference whether the words are spoken of a person or his title to property.

"In either case it is for a jury to first determine the question of slander or libel in an action at law. This, we conclude, is the result of the better cases in this country and in England."

The facts before us lacking the element of conspiracy obviously distinguish the instant case from the case of Lohse Patent Door Co. v. Fuelle, 215 Mo. 421, and from the case of Shoemaker v. South Bend Spark Arrester Co., 135 Ind. 471. For the former case was bottomed upon the theory of conspiracy, while the latter case dealt not only with a false publication amounting to slander of title, but with threats toward divers and sundry others, and toward all who might buy, or use the alleged patent-infringed article. Besides, *the ultimate fact had been already ruled in a proper action,* to-wit, that there was no infringement and therefore the *alleged* slanders of title which the court enjoined had beforehand (but in the same action) been found and declared to be false and therefore as to title, slanderous.

It is stated in the Flint case, supra, that after an action at law in which there is a verdict finding the statements published to be false, plaintiff on an otherwise proper showing could have injunction restraining any further publication of that which the jury has found to be actionable libel or slander, and of slanders or libel of a like or similar import. So say we in this case. If plaintiff had gone to a jury with this alleged libel and obtained a judgment, which owing to the insolvency of defendant he was unable to collect, further publication of a libel of like or similar import ought to be enjoined. Or, even if plaintiff had joined a count at law for damages for libel with a count for injunction on the theory of a threatened continuance of the false publication, and had alleged and proved, either the inadequacy of remedy by reason of the libeller's insolvency, or, the legal necessity of the remedy sought

in order to avoid a multiplicity of suits, the court *nisi* upon a finding by the jury of the libel, and by the court of the said necessary facts on the equity side, could have enjoined continued publication thereof. Since, however, there is in the instant case neither conspiracy, nor threats to others, nor a verdict of a jury upon the fact of libel, we are constrained to say that this judgment cannot stand. Let it be reversed. All concur.