JOHN I. RYAN, Appellant, v. CITY OF WARRENSBURG, a Municipal Corporation, J. R. ROTHWELL, J. R. GARRISON, FRANCIS BERKEY, L. B. JOHNSON, HARRY W. DAVIS, J. S. KENNEY, JACK WERLING, JOE CHAMBERS, HARRY ISEMINGER.—117 S. W. (2d) 303.

Division One, May 26, 1938.*

*NOTE: Opinion filed at September Term, 1937, April 1, 1938; motion for rehearing filed; motion overruled at May Term, 1938, May 26, 1938.

762

*Richard C. Southall* for appellant.

*J. R. Garrison, G. A. Stultz* and *J. R. Rothwell* for respondents.

HYDE, C.—This is an action in equity seeking to enjoin the enforcement of an ordinance of the city of Warrensburg on the ground that it violates constitutional provisions, and also seeking damages in the sum of $10,000. The basis of damages was the effects of the efforts of the city officers to enforce the ordinance and an alleged libel of plaintiff. Defendants' answer admitted plaintiff's allegations of fact, claimed that the ordinance was valid, and stated that the city intended to enforce it. No evidence was offered and the case was decided upon motions for judgment on the pleadings filed by all parties. The court found for defendants and entered a decree upholding the ordinance and dismissing plaintiff's bill. Plaintiff has appealed from this decree.

Plaintiff's petition was as follows:

"I. Comes now the plaintiff and states to this honorable court that he is a citizen and resident of the City of Warrensburg, County of Johnson, and State of Missouri, and that he is the owner of certain real property in said city, described as 206 South Washington Street, which said property is occupied by plaintiff as his place of residence; that in connection with his residence at said location he operates a barber shop wherein for a consideration he renders the usual services usually rendered in a barber shop; that he holds a license from said city of Warrensburg to so engage in said business at said location.

"II. Plaintiff further states that that part of the city where he lives and wherein his said barber shop is operated, in connection with his residence, as aforesaid, is sparcely settled, that there are only three residences in said block and that he has no next door neighbors and that no complaint has been made on the part of his nearest neighbors as to the operation of a barber shop in connection with his residence as aforesaid. Plaintiff says that the said city of Warrensburg is a city of the third class, duly incorporated as such by virtue of the laws of the State of Missouri and empowered with certain powers as such; that the defendant J. R. Rothwell is the duly elected and acting mayor of said city; that the defendant J. R. Garrison is the duly elected and acting city attorney; that the defendant Francis Berkey is the duly elected and acting city marshall; that the defendants L. B. Johnson, Harry W. Davis, J. S. Kenney, Jack Werling, Joe Chambers, Harry Iseminger and Harry Davis are the duly elected and acting members of the city council of the city of Warrensburg.

"III. Plaintiff further states that there is an ordinance of the city of Warrensburg, to-wit, Chapter XIII, Article 1, which is entitled 'Business and Manufacturing Districts Established.' That said business district designated in said ordinance as a 'business district' extends to South Washington Street on the west but stops there and that the property owned by plaintiff and used as a residence, as aforesaid, and where he operates a barber shop in connection with his said residence as aforesaid, is on the west side of said South Washington Street and hence outside of said 'business district' established by said ordinance as aforesaid, by the width of said Washington Street. That said ordinance further provides in Section 431 thereof:

" 'It shall be unlawful for any person, persons, or corporation to establish, conduct or maintain, or permit the establishing, conducting or maintaining of any kind or character of business or manufacturing in the residence district described in Section 429 of this Chapter, except rooming and boarding houses.'

"IV. That said Section 429, while defining and setting out the limits of the aforesaid business districts fails to define 'business' and that the defendants and each of them have for a long time and are at this time permitting other parties outside of said business zone, established by said ordinance, to operate beauty parlors, barber shops and other places operated for profit but that the defendants and each of them claim that plaintiff's said business, operated in connection with his residence as aforesaid, outside by the width of a street, as aforesaid, from said 'business district' is a violation of said ordinance, although plaintiff holds a license from said city of Warrensburg, as aforesaid, to operate said business at said location. Plaintiff further says that he was arrested at the instance of the defendants, charged with the violation of said ordinance, tried in the police court of said city and found not guilty.

"V. Since then, plaintiff says, the defendants and each of them, have endeavored by means, wholly unlawful and in violation of his civil and constitutional rights, to force him to move from said property, owned by him as aforesaid. That plaintiff has been the victim of a campaign of harassment at the hands of the defendants, has been threatened with arrest for each day he remains in said location and has been ordered to vacate said property owned by him and occupied as his residence, as aforesaid, forthwith, or suffer the consequences. That various articles have been caused to be published about him at the instigation of the defendants; that he has been publicly branded as a criminal and a dangerous citizen; that the talk about him, instigated by the defendants, has caused him to lose a great

part of his business and has caused him great humiliation and mental anguish; that he has suffered financial loss and stands to lose the property in which he is located if this campaign continues. That his damage already has been $10,000.00.

"VI. Plaintiff says that the conduct of said business is his only means of support and that if he is deprived of his means of support his family will suffer from his failure to provide for them. That if he is forced to and does move from his present location he will lose his investment in said property and has no other use for it, other than as a residence, and that he has a right to the use of said property, guaranteed by the law and the Constitution as hereinafter set forth. Plaintiff says that the acts of the defendants and the threats of arrest cause him to live in continual fear. Plaintiff further says that (1) the barber shop operated by him is not a 'business' such as is contemplated by the said ordinance establishing 'Business and Manufacturing District'; (2) That the city of Warrensburg as a municipal corporation, possesses and can exercise only those powers granted to it by express words, those necessarily and fairly implied in or incident to the powers expressly granted, and those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable.

"VII. That there is no power granted to the city of Warrensburg by express words, or that may be necessarily or fairly implied in or incident to the powers expressly granted to it as a city of the third class, to regulate and prohibit the operation of a barber shop by plaintiff in connection with his residence, as aforesaid. That the power to do so is not essential to the declared objects and purposes of the corporation. (3) That if the ordinance under which the defendants seek to prohibit plaintiff from operating a barber shop in connection with his residence, is within the powers sought by said city to be assumed under Chapter XIII, Article 1, which plaintiff denies, as aforesaid, and if the defendants have any assumed right under said ordinance, they may not enforce such right of the ordinance under which said right is assumed, by reason of the fact that said ordinance contravenes the statutes and decisions of the State of Missouri. (4) That if the ordinance under which the defendants seek to prohibit plaintiff from operating a barber shop in connection with his home, is within the purported powers assumed by said city under Chapter XIII, Article 1, said defendants and each of them should not be permitted to exercise said assumed right for the reason that such right would be a violation of the constitutional rights of the plaintiff. That his property at 206 South Washington Street, owned by him, as aforesaid, and used by him as a residence, as afore-

said, and where he operates his business as aforesaid, is valuable property; that the right to operate a barber shop is a property right and that the ordinance under which the defendants seek to deprive plaintiff of the right to make such use of his property as he may see fit and to operate a barber shop thereon, is violation of the 14th Amendment of the Constitution of the United States and of Article II, Section 30 of the Constitution of the State of Missouri. (5) That the barber shop operated by plaintiff, as aforesaid, is not a nuisance *per se,* and that the city of Warrensburg and the officials thereof, have no rights under the implied powers of a municipal corporation to abate a nuisance, to attempt to prohibit plaintiff from making use of his property as hereinbefore set forth. (6) That by the nature of the business, and by further reason of the fact that plaintiff has no near neighbors, the operation of said barber shop in connection with his residence, as aforesaid, is not disturbing the peace and tranquility of any other residents of the district, and the defendants have no right to declare said business a nuisance when it is not so in fact, or to suppress in part or *in toto,* any business within its limits which is not disturbing the peace and dignity of the city.

"VIII. Plaintiff further states that his business is a lawful, gainful occupation, which plaintiff is constitutionally entitled to pursue in the manner hereinbefore described and that said city of Warrensburg, and its officials have no right to interfere with the operation of said business, as hereinbefore set forth; but that the defendants and each of them are attempting, and are threatening to and plaintiff believes will, suppress his business unless restrained from so doing by this honorable court. That the acts of the defendants, and the ordinance under which they purport to act, as applied to plaintiff, is unreasonable on its face, that it is not being applied to any others in the district occupied by plaintiff, who are engaged in similar lines of pursuit. That plaintiff has been and is being damaged thereby as hereinbefore set forth. That he has no adequate remedy at law, in the premises, and that unless he receives relief at the hands of this honorable court, that he will suffer further irreparable damage and loss.

"IX. WHEREFORE, plaintiff prays this honorable court of equity for an order restraining the defendants and each of them, from disturbing plaintiff in the pursuit of his said business at the location aforesaid, that the defendants and each of them be permanently restrained from enforcement of the said ordinance of the city of Warrensburg, as applied to plaintiff's business; that plaintiff have judgment against the defendants and each of them in the sum of $10,000.00

damages, and that plaintiff have such other and further relief as may seem just and equitable in the premises."

Defendants' motion for judgment on the pleadings (like a demurrer) admitted, for the purpose of the motion, all facts well pleaded in plaintiff's petition. [Camman v. Edwards, 340 Mo. 1, 100 S. W. (2d) 846.] We need not be concerned with the effect of plaintiff's motion for judgment on the pleadings because defendants' answer made no denial of the facts well pleaded by plaintiff (most of the material facts were specifically admitted) and set up no new facts except that defendants intended to enforce the ordinance. The facts to be considered under this rule are practically all found in paragraphs I to V inclusive. Paragraphs VI to VIII contain mostly conclusions (facts therein stated are repetition), and conclusions of the pleader are not to be considered in deciding whether or not plaintiff stated a cause of action. [Clark v. Grand Lodge B. R. T., 328 Mo. 108, 43 S. W. (2d) 404; Gates Hotel Co. v. C. R. H. Davis Real Estate Co., 331 Mo. 94, 52 S. W. (2d) 1011; Ruggles v. International Assn. of Bridge, Structural & Ornamental Iron Workers, 331 Mo. 20, 52 S. W. (2d) 860; Mack v. Eyssell, 332 Mo. 671, 59 S. W. (2d) 1049; Jones v. Jefferson 334 Mo. 606, 66 S. W. (2d) 555.]

Plaintiff relies mainly upon cases, such as State ex rel. Penrose Inv. Co. v. McKelvey, 301 Mo. 1, 256 S. W. 474, decided before our Legislature in 1925 authorized zoning. Our present zoning act provides that cities (of counties containing more than 15,000 inhabitants) "may divide the municipality into districts . . . and within such districts may regulate and restrict the erection, construction, reconstruction, alteration *or use of buildings, structures, or land*" (7260), "for the purpose of promoting health, safety, morals, or the general welfare of the community" (7259) regulating and restricting *"use* of buildings, structures and land *for trade, industry, residence or other purposes."* [Secs. 7259-7270, R. S. 1929; Laws 1925, p. 307, amended Laws 1927, p. 355.] This authorizes an exercise of the police power of the State to regulate the use of all the property in a city, to accomplish purposes more specifically stated in Section 7261, for the benefit of all the people thereof. [State ex rel. Oliver Cadillac Co. v. Christopher, 317 Mo. 1179, 298 S. W. 720, writ of error dismissed 278 U. S. 662, 49 Sup. Co. 17, 73 L. Ed. 569; Wippler v. Hohn, 341 Mo. 780, 110 S. W. (2d) 409; for history and general discussion of zoning see Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 47 Sup. Ct. 114, 71 L. Ed. 303; U. of Mo. Bulletin 34, Law Series 3; 43 C. J. 334-345, secs. 363-373; 19 R. C. L. 818, sec. 123; notes 19 A. L. R. 1395, 33 A. L. R. 287, 38 A. L. R. 1496, 43 A. L. R. 668, 54 A. L. R. 1030, 86 A. L. R. 659.] [3] Plaintiff's petition admits the existence of the zoning ordinance (although it fur-

nishes very meager information concerning its provisions), and makes no claim that the zoning act is unconstitutional or that procedure therein designated was not followed in zoning the city of Warrensburg. Plaintiff's brief says that he does not claim that the ordinance is "unconstitutional *per se*, but unconstitutional as applied to him," because "the ordinance attempts to prohibit the operation of a barber shop, a business that is not a nuisance *per se*, and no specific power being granted to cities of the third class to prohibit barber shops in a residence, as such, the attempted prohibition must be held as taking property without due process of law, and for that reason, unconstitutional." The fallacy of plaintiff's argument is that the city is not attempting to prohibit the operation of his barber shop on the theory that it is a nuisance; nor is it even prohibiting operation of all barber shops in buildings also used for residential purposes. It is merely acting to prevent the operation of any business of any kind in a district it has *zoned as residential only,* and from which it has excluded all business establishments. Its authority to do this is the zoning act, and not the law of nuisances. It has such authority if a valid zoning statute grants it, and the law of nuisances has no more to do with this question than would Einstein's theory of Relativity.

Plaintiff further says that under the zoning act the city "may not prohibit appellant from rendering tonsorial services in his residence, unless they show that such services are detrimental to health, safety, morals and general welfare of the city. (The ruling of the United States Supreme Court in the Village of Euclid case, supra, places the burden on plaintiff to show the contrary in order to establish arbitrary and unreasonable zoning.) Plaintiff's position is that the ordinance is unreasonable, as applied to him, because his barber shop in a "sparsely settled neighborhood" could have no relation "to the health, safety, or general welfare of its citizens." This contention is fully answered by the following portion of the opinion of this court en Banc in State ex rel. Oliver Cadillac Co. v. Christopher, supra, to-wit: "It is next contended that 'respondent's proposed building and its intended use will not cause any of the things the ordinance was designed to prevent—congestion in the streets, danger from fire, panic, and other dangers, danger to health and the general welfare, obstructions to light and air, overcrowding of land or the undue concentration of population, interference with provisions for transportation, water, sewerage, schools, parks and other public requirements'—and consequently that the ordinance as it affects respondent is both arbitrary and discriminatory. But, if respondent establishes its commercial plant in the district, others less innocuous may of right follow. A zoning ordinance cannot permit administrative officers to pick and choose as to who may or who may not occupy a particular use district. If it is not to be condemned as a special

law, or as one denying the equal protection of the laws, it must rest upon some rational basis of classification and apply alike to all persons and things falling within a designated class. If through its universality an individual because of special circumstances suffers hardship, that fact does not render the ordinance void as to him. The private interest is subordinate to the public good." [See, also, Village of Euclid case, supra.] Moreover, our Legislature has considered that barber shops wherever located do have some relation to the public, health, safety, and general welfare, because it has, under the police power of the State, provided for a board to examine and license barbers, and prescribe sanitary regulations "to prevent the creating and spreading of infectious or contagious diseases" in barber shops. [Secs. 13522-13534, R. S. 1929; amended Laws 1937, p. 186.]

■ Of course, the authority of the city to enforce its zoning ordinance against any violator would not depend upon whether "complaint has been made on the part of his nearest neighbors," or even whether the city officers had failed in their duty to properly enforce it against all other violators. Perhaps plaintiff's violation might have encouraged other violations mentioned. Neither would the issuance of a license to operate (which is usually only a formal act of a ministerial officer), to plaintiff, be of any avail if it was unauthorized or void under the zoning ordinance. While the petition does not show what facts were before the police court, the result of plaintiff's trial in police court only ended the case of the specific charge tried, and certainly did not settle every possible subsequent charge on future violations. We must hold that the facts stated in plaintiff's petition are not sufficient to show a case of arbitrary and unreasonable zoning and that he is not entitled, on these pleadings, to have the ordinance declared invalid as to him or to have an injunction against its enforcement.

■ As to facts stated in the latter part of paragraph V, plaintiff may have an action at law for damages but they do not show any ground for relief in equity. If he was violating the zoning ordinance (as the facts stated in the petition tend to show), it was proper for the city officers to warn him of the consequences. They had no right to libel him, of course, but if they have done so the law provides him an adequate remedy for that. [Marx & Haas Jeans Clothing Co. v. Watson, 168 Mo. 133, 67 S. W. 391, 56 L. R. A. 951; Wolf v. Harris, 267 Mo. 405, 184 S. W. 1139; Life Association of America v. Boogher, 3 Mo. App. 173; Flint v. Hutchinson Smoke Burner Co., 110 Mo. 492, 19 S. W. 804.] Libel is peculiarly an action at law in which the Constitution requires a jury trial. [Sec. 14, Art. II Constitution.] This section of our Bill of Rights says "that every person shall be free to say, write or publish whatever he will on any subject, being responsible for all abuse of that liberty." In the Watson case,

supra, this Court en Banc said that ''such responsibility (civil or criminal) is utterly incompatible with authority in a court of equity to prevent such responsibility from occurring;'' that ''wherever the authority of injunction begins, there the right of free speech, free writing or free publication ends;'' and that ''the purpose of this provision of the Constitution was the abolishment of censorship.'' It is abhorrent to fundamental principles of Liberty and Democracy to have a censorship over the right of free speech and freedom of the press. Plaintiff cites Wolf v. Harris, supra, as authorizing an injunction against a libel, but the holding there is ''that *after an action at law* in which there is a *verdict finding the statements published to be false,* plaintiff on an otherwise proper showing *could have injunction restraining* any further publication of *that which the jury has found to be actionable libel* or slander, and of slanders or libel of a like or similar import;'' and that ''if plaintiff had joined a count at law for damages for libel with a count for injunction on the theory of a threatened continuance of the false publication, and had alleged and proved, either the inadequacy of remedy by reason of the libeller's insolvency, or, the legal necessity of the remedy sought in order to avoid a multiplicity of suits, the court *nisi upon finding by the jury of the libel,* and by the court of the said necessary facts on the equity side, *could have enjoined continued publication thereof.*'' Our conclusion is that plaintiff's petition failed to state sufficient facts to show any grounds for equitable relief.

The decree is affirmed. *Ferguson, C.,* absent; *Bradley, C.,* concurs.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur, except *Hays, J.,* absent.