WENDELL ZIMMERMAN, RESPONDENT, v. CARL O. JONES, APPELLANT.— 236 S. W. 2d 401.

Kansas City Court of Appeals. Opinion delivered November 20, 1950.

*C. W. Prince* and *Wm. Dennis Bush for appellant.*

*Cisel, Benton & McLaughlin* for respondent.

CAVE, J.—This is an appeal from a judgment in favor of the plaintiff and against the defendant on the pleadings. The action seeks to partition the interest of the plaintiff and defendant in an aircraft and its accessories and to have an accounting between the parties to determine the amount each should pay the Ong Aircraft Corporation for storage, repairs and fuel furnished for said aircraft; and to recover from the defendant the balance of the agreed purchase price of a one-half interest of $479.15.

The material part of the petition alleged that on or about November 1, 1946, defendant purchased of the plaintiff an undivided one-half interest in and to a certain aircraft and its accessories and agreed to pay plaintiff for said one-half interest the sum of $1200; that defendant had paid $720.85 of said purchase price and that there was a balance due and owed in the sum of $479.15; that thereafter and on or about the — day of April, 1947, plaintiff and defendant entered into a written agreement concerning the ownership and operation of the aircraft. This agreement recited that plaintiff and defendant were desirous of owning and operating a certain described aircraft, and it was agreed that each would own a one-half interest therein; that defendant was to pay plaintiff $1200 for a one-half

interest, and that he had already paid $720.85 and "agrees to pay $479.15 more"; that at that time the total amount defendant owed plaintiff was $479.15. There were certain other provisions concerning the method of payment for storage, repairs, etc., which are not pertinent here. The petition also alleged that it was agreed that plaintiff should pay and have released of record a certain chattel mortgage which he had given on the aircraft and that he had done so on June 14, 1947. The written contract, which was made a part of the petition, provided that plaintiff would "place the aircraft in the names of both parties." The prayer asked for the sale of the aircraft and that the proceeds be divided in proportion to the respective interests of the parties and that plaintiff have a lien on the undivided interest of the defendant to secure the payment of the balance found due him.

Defendant filed answer and counterclaim, both of which admitted the contract of sale; the amount which had been paid and the balance due, but alleged that the plaintiff had breached the contract because the parties had agreed that plaintiff could keep "said mortgage on said airplane for a few months, but it was expressly understood and agreed by said parties that the balance of such purchase price would not be paid by this defendant to the plaintiff until said mortgage was released and the title to one-half the airplane was conveyed to and vested in this defendant." That thereafter the defendant demanded that the plaintiff take necessary steps to place the title to said aircraft in plaintiff and defendant as joint owners, which plaintiff failed and neglected to do, and is not now entitled to a judgment for the balance of said purchase price.

Defendant's counterclaim is founded on the allegation that plaintiff failed and refused properly to convey to him a good title to a one-half interest in the aircraft and he thereupon rescinded said contract and seeks to recover the amount paid thereon ($720.85).

Plaintiff's reply admitted the sale of a one-half interest in the aircraft for $1200 and admitted the amount which had been paid and the execution of the written agreement in April, 1947, but denied all other allegations of defendant's answer. The reply to the counterclaim was to the same effect.

Plaintiff's motion for judgment on the pleadings states (1) that defendant by his answer and counterclaim judicially admitted and confessed that he is indebted to plaintiff in the sum of $479.15; (2) that defendant's answer admitted the execution and contents of the written agreement of April, 1947, which was attached to plaintiff's petition and made a part thereof, and that said written agreement recited that defendant was indebted to plaintiff in the sum of $479.15 and was liable for one-half of the storage charges and maintenance expense of the airplane; (3) that defendant's answer fails to allege any defense to plaintiff's cause of action because said answer does not allege a tender to plaintiff of the money admitted to be due,

but attempts to allege mere conclusions contrary to and in conflict with defendant's admission of liability; (4) that defendant's counterclaim fails to state any cause of action against plaintiff because said answer and counterclaim judicially admitted liability to the plaintiff in the amount sued for.

This motion was sustained and judgment entered against the defendant for $479.15, together with interest from the 1st day of May, 1947, and a lien declared against defendant's interest in the airplane.

The record discloses that the Ong Aircraft Corporation filed a cross-petition claiming that the plaintiff was indebted to it in a certain sum and judgment was entered in its favor, without objection by plaintiff or defendant, and the airplane was sold under execution issued on that judgment and the sheriff retained the surplus after the payment of the amount due the Ong Company. That branch of the case is not involved on this appeal.

The first contention to be decided is whether defendant's answer and counterclaim judicially admitted that he owed plaintiff the balance due and thereby prevented him from pleading a breach of the contract. In other words, were the allegations of the answer contradictory and self-destructive? We do not think so. Without restating the pleadings, we are of the opinion that defendant's answer merely admitted the provisions of the contract, i. e., that the sale was made; the amount of the purchase price and the remainder due under the contract *if plaintiff complied with the provisions thereof*. The defendant then alleged that plaintiff had breached the contract in that it was expressly agreed that the balance of the purchase price *should not be paid* until the plaintiff paid and released of record the mortgage on the airplane and *properly conveyed* to defendant title to a one-half interest in the airplane and accessories; that defendant had demanded such conveyance but that plaintiff had failed and refused to make the same. If that allegation be true, then defendant would not be liable for the balance due until that provision of the contract was complied with. No tender by the defendant of the balance due was necessary under this state of the pleadings.

The petition seems to be founded on an oral contract of sale made about November 1, 1946, although reference is made to a written agreement or memorandum concerning the ownership and operation of the aircraft which was made in April, 1947. The petition does not allege, and it is not contended in the briefs, that this written agreement superseded the oral contract of sale. It may have been a modification or extension of the original contract. However, this written memorandum does recite that the defendant had purchased a one-half interest in the aircraft for $1200 and had paid $720.85, and "agrees to pay $479.15 more." All the pleadings admit this much of the contract, whether it be oral or written; however, this written memorandum also requires plaintiff to pay off and release a certain

chattel mortgage which he had given on the aircraft before defendant purchased a one-half interest, and that plaintiff would "place the aircraft in the name of both parties." The last quoted provision must refer to the provisions of Secs. 521 and 523, Title 49, U. S. C. A., since those are the only Federal or State Statutes governing the transfer of title to an aircraft. Thus, if plaintiff was required by agreement properly to convey a legal title to defendant for a one-half interest of the aircraft before the balance due was to be paid, as alleged in defendant's answer, then the failure of plaintiff so to do would defeat his claim. This result would follow because of the alleged agreement and not necessarily because of certain provisions of the statutes, supra, which will be discussed later. Plaintiff's reply denied this allegation in defendant's answer and thereby put it at issue, and the court should not have decided that issue on the pleadings. A motion for judgment on the pleadings admits all facts well pleaded and the motion should not be sustained unless it appears on the face of the pleadings that the movant is entitled to judgment as a matter of law. Ryan v. City of Warrensburg, 342 Mo. 761, 117 S. W. (2d) 303; Hunter v. Delta Realty Company, 350 Mo. 1123, 169 S. W. (2d) 936.

The next question presented is the controlling effect, if any, of Secs. 521 and 523, supra, on the contract as alleged. Defendant contends that an agreement to purchase and pay for an aircraft is an agreement to pay for a registered title thereto, as required by law, and unless a legal title is so transferred there is a total failure of consideration and no action for the purchase price will lie in the absence of a tender of such legal transfer; however, the plaintiff contends that the Federal Statutes, supra, do not prevent an effective and legally binding sale of an interest in aircraft as *between the parties* to the agreement.

The pertinent part of Sec. 521 declares it to be unlawful for any person to *operate* or *navigate* any aircraft eligible for registration if such aircraft is not registered by its owner as provided by that section. Sec. 523 reads: "No conveyance made or given * * *, which affects the title to, or interest in, any civil aircraft of the United States, or any portion thereof, shall be valid in respect of such aircraft or portion thereof against any person other than the person by whom the conveyance is made or given, his heir or devisee, and any person having actual notice thereof, until such conveyance is recorded in the office of the secretary of the Authority. Every such conveyance so recorded in the office of the secretary of the Authority shall be valid as to all persons without further recordation. Any instrument, recordation of which is required by the provisions of this section, shall take effect from the date of its recordation, and not from the date of its execution."

We do not deem it necessary to discuss and decide the broad proposition submitted by plaintiff and defendant as to the effect of

such statutes on a contract of sale of an aircraft. Suffice it to say that defendant alleges that the plaintiff agreed to furnish him a good legal title; and the written contract or memorandum referred to and attached to plaintiff's petition and made a part thereof required the plaintiff to "place the aircraft in the names of both parties." This quoted language must have referred to the provisions of such statutes because they are the only statutes, so far as this state is concerned, which regulate and control the transfer of an interest in an aircraft. Thus the pleadings present the issue that the contract of sale required plaintiff to convey good title in compliance with such statutes. There is authority for the proposition that when parties contract with reference to an interest in aircraft it will be implied that the seller agreed to furnish a good record title as required by the Civil Aeronautics Act. Parsons Company v. Hall, 319 Mich. 240, 29 N. W. (2d) 676, 677. However, under the pleadings in this case, we need not explore that field.

But plaintiff contends that it cannot be held that he breached the agreement merely because he failed to place record title in their joint names. He bases this argument on the ground that his suit is one in equity, and therefore the court can grant the parties any relief consistent with the pleadings. That general principle of law is correct strictly in an equity suit. But we do not think the petition states a cause of action in equity. The suit is brought on the theory that plaintiff had sold defendant a one-half interest in an aircraft and that a certain amount of the purchase price remained unpaid, for which he sought judgment, and asked that the plane be sold in partition and that he be declared to have a lien on defendant's one-half interest to secure the payment of the balance due. In other words, he sought to enforce the contract of sale and collect a debt. He asserts that in the prayer of his petition he asked for "all other orders, judgments and decrees which are appropriate in the premises, and for full equitable relief." If the petition fails to state a cause of action in equity, then the prayer would not convert the proceeding at law into one in equity. The demand for relief is not part of the cause of action. Richards v. Earls, 345 Mo. 260, 133 S. W. (2d) 381, 384; Price et al. v. Gordon et al., 147 S. W. (2d) 609. The answer and counterclaim do not state a cause of action in equity. We conclude that this is an action at law and not in equity, and we must review it as such. The cases cited by plaintiff are not in point. Thus the principal issue to be decided is whether plaintiff breached the contract of sale, and this is a question to be determined from the evidence and not from the pleadings, as a matter of law.

We have considered only the propriety of the court in entering judgment against the defendant on the pleadings. There is no question of evidence before us. Defendant's answer and counterclaim may not be model pleadings, but we think that when they are fairly and

liberally construed, as we are required to do under the new Civil Code, there are certain issues presented which should be tried and decided on the evidence.

It follows that the judgment should be reversed and the cause remanded. It is so ordered. All concur.